(65 App. Div. 22.)

BARRELL et al. v. TODD.

(Supreme Court, Appellate Division, First Department.  November 8, 1901.)

ATTACHMENT—AFFIDAVIT—ALLEGATIONS ON INFORMATION—SOURCES OF INFOR-
MATION.
　　An attachment in an action against a nonresident cannot properly
　　issue on complaint and affidavit by plaintiffs' agent made on information
　　and belief, derived from certain correspondence and telegrams from
　　plaintiffs, where the correspondence is not set forth, and only copies of
　　some of the telegrams.

Appeal from special term, New York county.

Action by James A. Barrell and others against Isaac Newton
Todd, trading as Newton Todd.  From an order denying defendant's
motion to vacate an attachment, he appeals.  Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

M. B. Clarke, for appellant.
W. L. Ball, for respondents.

PER CURIAM.  This appeal is from an order denying a motion
to vacate an attachment upon the papers upon which it was issued.
The plaintiffs are residents of Chicago, in the state of Illinois.  The
action was brought to recover an indebtedness claimed to have
arisen out of certain stock transactions in which the plaintiffs acted
as the defendant's brokers, but the orders alleged to have been given
them by the defendant, it is asserted, were executed at the New York
Stock Exchange, through the plaintiffs' agents in the city of New
York.  The allegations of the complaint in reference to the contract
relations between the defendant and the plaintiffs' agents are on in-
formation and belief.  The complaint is sworn to by one of the
plaintiffs' New York agents, who, in the verification of the complaint,
swears that it is true to his own knowledge, except as to the matters

therein stated on information and belief, and that as to those matters he believes it to be true; that the reason the verification is not made by the plaintiffs, or any one of them, is that none of said plaintiffs is within the state of New York; and he further says that the sources of his information and the grounds of his belief as to those matters stated to be alleged on information and belief are correspondence between plaintiffs and deponent's firm, and telegrams to deponent from plaintiffs over a private telegraph wire, stating the facts alleged in the complaint. The same person who verified the complaint also made an affidavit in which he recites that the defendant is a nonresident of the state of New York; that the action is to recover a sum of money only as damages for a breach of a contract other than a contract to marry, as appears by the complaint, verified by him, and annexed to his affidavit, and made a part thereof; that the plaintiffs are entitled to recover from the defendant a sum stated over and above all counterclaims known to the plaintiffs or to the deponent, and then proceeds to depose as follows:

"That the sources of deponent's knowledge and the grounds of his belief as to all matters not stated in this affidavit or in the complaint upon knowledge are correspondence between deponent's firm and plaintiffs' firm, telegrams sent to deponent by J. Finley Barrell, one of the plaintiffs, over the private wire between plaintiffs' office and an office in the city of New York; the said J. Finley Barrell being the member of plaintiffs' firm who has personal knowledge of all the matters set forth in this affidavit and in the complaint, and who expressly stated to deponent that plaintiffs are entitled to recover from the defendant the sum of $50,160.67 over and above all counterclaims known to plaintiffs by reason of the matters set forth in this affidavit and in the complaint, and who requested this deponent to verify the annexed complaint and to make this affidavit, and stated that the facts therein contained were true. Copies of some of the telegrams received by deponent are hereby annexed. That the reason why this affidavit is not made by the plaintiffs, or any of them, is that none of said plaintiffs is now within the state of New York, but all of said plaintiffs are in the city of Chicago."

Annexed to this affidavit are what purport to be copies of telegrams received by the affiant's firm from the plaintiffs, which are as follows:

"May 21, 1901.

"McI. & Marshall: Isaac Newton Todd resides in Indlps., Ind. We are entitled to receive from him the sum of $50,160.67 over and above all counterclaims known to us.                    Finley B. & Co.
"J. Finley Barrell."

"The facts contained in our previous telegrams in reference to our claim against Isaac Newton Todd, which you have embodied in complaint and affidavit on attachment, are true to my own knowledge.
"Finley B. & Co.,
"J. Finley Barrell." .

The question before us is whether, upon the complaint and the affidavit, sufficient was shown to authorize the court to exercise its jurisdiction, and to grant the warrant of attachment. Where an application for such a warrant is made under circumstances similar to those appearing in this case, it is requisite that the affidavit upon which the warrant is applied for shall disclose what the information relied upon as the foundation of the affiant's belief is, and that it

emanates from an authentic source. These papers were insufficient. They did not set forth the correspondence between the plaintiffs and the firm of which the affiant was a member, nor the telegrams received by the affiant from the plaintiffs, but only copies of some of such telegrams. The telegrams that are set forth are dated May 21, 1901; the affidavit upon which the attachment is granted was sworn to on the 21st day of May, 1901, and the complaint was also verified on that day. The telegram of May 21st states that "the facts contained in our previous telegrams in reference to our claim against Isaac Newton Todd, which you have embodied in complaint and affidavit on attachment, are true to my own knowledge." Those previous telegrams are not produced, and it is not explained how the plaintiffs, in Chicago, on May 21, 1901, could have acquired knowledge of what was contained in a complaint and affidavit sworn to in the city of New York on the 21st day of May, 1901. "Where a party alleges upon information and belief, and states that the sources of his information are certain writings, the court is entitled to know what the writings are, in order to see whether the affiant is justified in his belief; in other words, on these applications, facts, not inferences, must be presented. Bank v. Alberger, 78 N. Y. 252, McCulloh v. Aeby & Co. (Sup.) 9 N. Y. Supp. 361, and other cases might be cited." Ladenburg v. Bank, 87 Hun, 269, 33 N. Y. Supp. 821, affirmed in 146 N. Y. 406, 42 N. E. 543. Here the affiant has not disclosed his information, although he had the power to do so. The telegrams not produced contain the information.

The order must be reversed, with $10 costs and disbursements, and the motion to vacate the attachment granted, with $10 costs.