### GUMBES et al. v. HICKS et al.

(Supreme Court, Appellate Division, Third Department. November 20, 1906.)

1. ATTACHMENT—EVIDENCE—SUFFICIENCY.

Primarily an application for a warrant of attachment should be based on legal evidence, and hearsay evidence will be substituted therefor only in cases of necessity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attachment, §§ 246–250.]

2. SAME—AFFIDAVIT—ALLEGATIONS ON INFORMATION—SOURCES OF INFORMATION.

An attachment against a nonresident cannot properly issue on complaint and affidavit made on information and belief, derived from a telephone conversation and a subsequent letter repeating the substance of the information related over the telephone, where the letter, which was in the affiant's possession, was not presented.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attachment, §§ 255–257.]

Chester and Kellogg, JJ., dissenting.

Appeal from Special Term, Broome County.

Action by Francis M. Gumbes and another against Charles M. Hicks and others. From an order denying the application of defendants to vacate a warrant of attachment, they appeal. Reversed.

The warrant of attachment was granted because of the nonresidence of the defendants. The plaintiffs are also nonresidents. The affidavit on which the warrant was granted was made by one of the plaintiffs' attorneys, residing in Binghamton, N. Y. After stating on information and belief the facts constituting the cause of action and the nonresidence of the defendants, the affidavit contains the following statements:

"The deponent further shows that the sources of his information and the grounds of his belief, as to the foregoing matters alleged upon information and belief, are as follows: On or about the 7th day of December, 1905, deponent's said firm received a letter from the plaintiff William J. Conlon, who is one of their correspondents in the city of Philadelphia, making inquiry as to the requisites for taking out an attachment under the laws of the state of New York, and said letter came to deponent's attention in person and was answered by him, and that thereafter, and on the 6th day of January, 1906, deponent had a long telephone conversation with the said William J. Conlon in the city of Philadelphia, in the course of which conversation the plaintiffs' said claim as hereinbefore set forth and the other facts herein alleged on information and belief were related to deponent in detail by said Conlon. That on the 7th day of January, 1906, deponent received a further letter from the

said William J. Conlon, repeating in writing the substance of the matters hereinbefore set forth on information and belief."

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Albert S. Barnes and Hiram Mintz, for appellants.

C. H. Hitchcock, for respondents.

COCHRANE, J. Primarily an application for a warrant of attachment should be based on legal evidence. Hearsay evidence is substituted therefor only in cases of necessity, and the courts have been strict, where such necessity exists, that the source of the evidence be given as well as the reason why primary evidence is not furnished. "Where a party alleges upon information and belief, and states that the sources of his information are certain writings, the court is entitled to know what the writings are, in order to see whether the affiant is justified in his belief or not." Ladenburg v. Commercial Bank, 87 Hun, 269, 275, 33 N. Y. Supp. 821, affirmed 146 N. Y. 406, 42 N. E. 543; Barrell v. Todd, 65 App. Div. 22, 26, 72 N. Y. Supp. 527.

It appears from the affidavit on which this attachment was based that the sources of the affiant's information and the grounds of his belief are, among other things, a telephone conversation between him and Conlon, one of the plaintiffs, in which the facts alleged in the affidavit on information and belief were related in detail by said Conlon, and that on the day following such telephone conversation the affiant received a letter from said Conlon repeating the substance of the matters alleged on information and belief. If this affidavit were based solely on the telephone communication, it is possible that the facts are sufficient to identify the plaintiff Conlon as the person giving the information; but, according to the affidavit, the information was derived also from a letter which was received from Conlon, and which was in the possession of the affiant, and which repeated in substance the information related to the affiant over the telephone. It admits of little doubt that this letter is better evidence than the telephone communication, and the failure to produce the letter is a failure to present the best information to the court. Within the principle above cited this letter should have been presented, in order that the judge might determine whether the affiant's belief in the facts stated by him in his affidavit as the grounds of the attachment was well founded.

The order must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

PARKER, P. J., and SMITH, J., concur.

CHESTER, J. (dissenting). The claim is that the affidavit on which the attachment was granted is insufficient in two respects: First, because the letters referred to are not annexed; and, second, because it is not stated that the affiant knew with whom he had the conversation over the telephone. He states positively that the conversation was with the plaintiff William J. Conlon in the city of Philadelphia, without, it is true, stating in so many words that he knew him; but it is said that

the plaintiff Conlon is one of the correspondents in the city of Philadelphia of deponent's firm, which before such conversation had received a letter from Conlon, which was answered by the deponent, and that thereafter such conversation was had, in the course of which all the facts stated on information and belief were related to deponent in detail by Conlon. It is also stated that the next day after such conversation deponent received a further letter from Conlon repeating in writing the substance of the matters set forth on information and belief. These facts, I think, furnish a sufficient identification of the plaintiff Conlon as the man with whom the affiant had the conversation over the telephone, and distinguish the case from Murphy v. Jack, 142 N. Y. 215, 36 N. E. 882, 40 Am. St. Rep. 590, where it was held that an affidavit on information and belief was insufficient to support an attachment, where the only information was a talk over a telephone with a person with whom the affiant did not state he was acquainted, nor that he recognized his voice, and it did not appear that he in any other way knew who it was talking with him. If the sources of the deponent's information and the grounds of his belief had been alone the letters referred to in the affidavit, they would have been insufficient upon which to procure an attachment without affixing the letters to the affidavit. Barrell v. Todd, 65 App. Div. 22, 72 N. Y. Supp. 527; Ladenburg v. Com. Bank, 87 Hun, 269, 33 N. Y. Supp. 821. But here the letters were essential only as a means of identifying the person with whom the talk over the telephone was had, and that conversation, which covered in detail the plaintiffs' claim and all the facts stated on information and belief, was the important thing to be considered by the court in determining whether such information and belief were well founded. I think, therefore, that under such circumstances we should not hold that the absence from the affidavit of the letters was a fatal defect.

The order should be affirmed, with $10 costs and printing disbursements.

KELLOGG, J., concurs.