(121 App. Div. 632.)

COLE v. GORI.

(Supreme Court, Appellate Division, First Department.   October 25, 1907.)

ARREST—IN CIVIL ACTIONS—AFFIDAVIT.
    The affidavit of plaintiff for arrest of defendant in an action for aliena-
    tion of the affections of plaintiff's wife, the complaint alleging that, with-
    out the knowledge or procurement of plaintiff, defendant at various times
    debauched her and destroyed her affections for plaintiff, is insufficient, ·
    though alleging that all the facts of the complaint are true to affiant's
    knowledge; but, there being a fair presumption that the fact of defend-
    ant's intercourse could not have been within plaintiff's personal knowledge,
    the affidavit should set forth how and in what manner· knowledge came
    to him, or the facts from which he deduced his conclusion.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Arrest, §§ 56–63.]

Appeal from Special Term, New York County.

Action by John H. W. Cole against Frederick Gori.   From an or-
der denying his motion to set aside an order of arrest, defendant ap-
peals.   Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-
LIN, CLARKE, and HOUGHTON, JJ.

Roy M. Hardy, for appellant.
William D. McNulty, for respondent.

HOUGHTON, J.   The action is to recover damages for the aliena-
tion of the affections of plaintiff's wife.   The complaint by positive
allegation alleges that, without the knowledge or procurement of plain-
tiff, the defendant, contriving and intending to injure the plaintiff and
alienate the affections of his wife, at various times and places debauched
her and destroyed her affection for plaintiff, to his great distress and
damage.   The affidavit which was presented with the complaint upon
the application for the order of arrest alleges that all of the allegations
of the complaint are true to deponent's knowledge.   The motion to
set aside the order of arrest was denied, and the defendant appeals.

The principal point urged by the defendant is that the complaint
itself states that the acts charged against defendant were committed
without plaintiff's knowledge.   If it be assumed that the averment of
lack of knowledge and procurement is a mere formal and technical
allegation, and hence not to be construed as a broad assertion that
plaintiff had no knowledge of the commission by the defendant of
the acts complained of, still we think the proof upon which the order
of arrest was granted was insufficient.   It can hardly be assumed that
the plaintiff was present at the defilement of his wife.   If he was not,
he learned the facts from confession or hearsay, or from deduction
from facts and circumstances.   His affidavit should have set forth how
and in what manner knowledge came to him, or the facts from which
he deduced his conclusion, so that the justice to whom the application
was made might determine the propriety of granting an order of ar-
rest.   It has been held that the mere averment in an affidavit of facts
as upon personal knowledge is not sufficient, unless circumstances are
stated from which the inference can fairly be drawn that the affiant has
personal knowledge of the facts which he avers.   Hoorman v. Climax

Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710. This is particularly true where a fair presumption arises that the fact positively averred could not have been within the personal knowledge of the affiant. Of course, it is possible that the plaintiff may have discovered the defendant and his wife in the perpetration of the wrong, and thus had personal knowledge. If such was the fact, we think he should have so stated. The charge of continued and repeated defilement tends to negative the idea of discovery in such a manner. The affidavit, in our opinion, was insufficient, and the motion to vacate should have been granted.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate the order of arrest granted, with $10 costs. All concur.