## MEYER v. CONSOLIDATED ICE CO.

(Circuit Court, E. D. New York. July 8, 1908.)

1. EXECUTION — SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF DEBTOR UNDER NEW YORK STATUTE—AFFIDAVIT.

An affidavit, in support of an application for examination of a judgment defendant in proceedings supplementary to execution, under Code Civ. Proc. N. Y. § 432, made by the attorney for the judgment creditor on allegations of personal knowledge, *held* sufficient, especially when not attacked by answering affidavits.

2. COURTS—FEDERAL COURTS—PROCEEDING UNDER STATE LAWS.

A United States court, proceeding under the laws of the state providing for proceedings supplementary to execution, as authorized by Rev. St. § 916 (U. S. Comp. St. 1901, p. 684), is not affected by a provision of such laws that a witness cannot be compelled to attend in such proceedings at a place without the county of his residence or place of business; but such court may issue subpœnas for witnesses within its district or to compel the attendance of witnesses from other districts who live within 100 miles, as provided by Rev. St. § 876 (U. S. Comp. St. 1901, p. 667).

[Ed. Note.—State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

3. SAME — FEDERAL COURT IN NEW YORK — PROCEEDING AGAINST CORPORATION DEFENDANT.

A United States court within the state of New York, which has not by general rule adopted the laws of the state providing for proceedings supplementary to execution since January 1, 1878, when Rev. St. § 916. (U. S. Comp. St. 1901, p. 684), was finally enacted, which provides that such courts may enforce such remedies to reach the property of a judgment debtor "as are now provided in like causes by the laws of the state * * * or by any such laws hereafter enacted which may be adopted by general rules of such Circuit or District Court," has no power to enter-

tain supplementary proceedings against a corporation judgment debtor; such proceedings not having been authorized by the state laws prior to 1878.

At Law. Proceedings supplementary to execution.

Gustavus A. Rogers (Benjamin Tuska 'and Saul E. Rogers, of counsel), for Meyer, judgment creditor.

Thomas D. Adams (B. B. Gattell, of counsel), for Consolidated Ice Co., judgment debtor.

CHATFIELD, District Judge. The judgment creditor herein obtained judgment against the defendant in an action for tort in this court, upon the 25th day of June, 1903. Since that time execution has been issued and returned unsatisfied, and the judgment creditor has now applied to this court for an order for the examination of the defendant.

It is shown by the affidavits that the defendant is a Maine corporation, and the record in the suit shows that it was doing business in the state of New York, and within the Eastern district of New York, at the time of that action. The affidavits in this proceeding, which is brought supplementary to execution, state that the defendant no longer does business within the state of New York, has not a business agency nor a fiscal agent or agent in the state, but had in the Southern district of New York a person designated at the time the corporation began to do business within the state as a person upon whom process might be served, under section 432 of the Code of Civil Procedure of the state of New York. On the 20th of June, 1908, the judgment creditor, upon an affidavit of one Gustavus A. Rogers, obtained the present order in proceedings supplementary to execution, directing the judgment debtor—that is, the defendant corporation—to appear at a term of the Circuit Court for examination, and also directing subpœnas to issue to the directors, trustees, officers, and agents of the corporation, to appear and give oath as to their knowledge of its property and affairs. Upon the date fixed for this examination, the corporation appeared specially by attorney, and certain witnesses also attended. It appeared by the record that the order had been served upon the corporation according to the provisions of section 2452 of the New York Code, and that individual subpœnas to testify had been served upon the witnesess who attended.

Objection was made on behalf of the corporation, and on behalf of each witness, to the jurisdiction of the court, and it is claimed that the papers upon which the order for examination of the corporation was made are insufficient, in that the corporation is not shown to be without the scope of section 1812 of the Code of Civil Procedure of New York, as made applicable by section 2463 of the same. Further objection is made that the affidavits on which the order was made are insufficient, in that they do not show the sources of information from which the affiant has stated his actual knowledge as to the allegations made. But it is considered that this objection is insufficient, under the decision of the Appellate Division in the case of Stewart v. Lyman, 62 App. Div. 182, 70 N. Y. Supp. 936. It may be assumed

163 F.—26

that, if the papers show that an allegation based upon alleged actual knowledge is not within the knowledge of the affiant, or if the form or subject-matter of the allegation is such that actual knowledge could not be had, then the presumption would be against the person making the allegation, and it would be necessary for the source of his information to be shown, as has been held in Buhl v. Ball, 41 Hun (N. Y.) 61; Cole v. Core, 121 App. Div. 632, 106 N. Y. Supp. 306; Gumbes v. Hicks, 116 App. Div. 120, 101 N. Y. Supp. 741, and other cases. It may be admitted that the affidavits in supplementary proceedings, while, perhaps, not necessarily as exact as in attachment and arrest, nevertheless should substantially set forth the requisites in the same manner; but it is considered that on this particular application the positive allegation by the attorney in the case, of personal knowledge, when not attacked by answering affidavits, will be considered sufficient for the purpose of the application in which it was made.

This brings us to the objection as to the exception under section 1812. Articles 1, 2, 3, and 4, of title 2 of chapter 15, of the Code of Civil Procedure of the state of New York contain various provisions as to the bringing of suits by and against corporations, domestic and foreign, in the state courts of New York, the appointment of receivers, the issuing of process, etc. Section 1812 makes certain of these sections applicable to a domestic corporation of the state, and to a corporation created by and under the laws of another state, or a trustee, director or other officer thereof, where the corporation or association does business within the state or has within the state a business agency or a fiscal agency, or an agency for the transfer of its stock. This particular section is referred to in section 2463, which is as follows:

"This article does not apply where the judgment debtor is a corporation created by or under the laws of the state, or a foreign corporation specified in section 1812 of this act, except in those actions or special proceedings brought by or against the people of the state. Nor does it authorize the seizure of, or other interference with, any property which is expressly exempt by law from levy and sale by virtue of an execution; or any money, thing in action, or other property, held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from a person other than the judgment debtor; or the earnings of the judgment debtor for his personal services, rendered within sixty days, next before the institution of the special proceedings; when it is made to appear, by his oath or otherwise, that those earnings are necessary for the use of a family, wholly or partly supported by his labor."

By this it is provided that the entire article relating to the subject of supplementary proceedings does not apply to a domestic corporation of the state, nor a foreign corporation specified in section 1812 of this act.

It may be stated, in passing, that there can be no question as to the authority of the United States courts to conduct examinations supplementary to execution, this having been considered in the case of Ex parte Boyd, 105 U. S. 647, 26 L. Ed. 1200, and the provisions of section 916 of the Revised Statutes (U. S. Comp. St. 1901, p. 684), upon which the decision in the case of Ex parte Boyd, supra, is based, are explicit upon the subject. This section is as follows:

"Sec. 916. The party recovering a judgment in any common-law cause in any circuit or district court, shall be entitled to similar remedies upon the same,

by execution or otherwise, to reach the property of the judgment debtor, as are not provided in like causes, by the laws of the state in which such court is held, or by any such laws hereafter enacted which may be adopted by general rules of such circuit or district court; and such courts may, from time to time, by general rules, adopt such state laws as may hereafter be in force in such state in relation to remedies upon judgments, as aforesaid, by execution or otherwise."

This provision was adopted by Act June 1, 1872, c. 255, 17 Stat. 197 (U. S. Comp. St. 1901, p. 684). No rule has been made by the Circuit Court for this district, nor has any general rule been adopted applicable to the entire circuit, since October 1, 1878, and we are therefore left to test the matter under the New York law as it existed upon the latter date, and on January 1, 1878. Ex parte Boyd, supra.

Section 2463 of the Code of Civil Procedure of New York seems to have been adopted by chapter 26, p. 34, of the Laws of 1886, while section 1812 was adopted by chapter 428, p. 501, of the Laws of 1875. Section 916 of the Revised Statutes (U. S. Comp. St. 1901, p. 684), was readopted upon the 1st day of January, 1878. It will thus be seen that section 1812 of the Code of Civil Procedure of the state of New York became a law between the time of originally passing section 916 of the Revised Statutes and its last enactment; but section 2463 is of much later date. The statutes of the state of New York relating to supplementary executions in force between the years in question—that is, in force prior to 1878—as shown by Bliss' Edition of the Code of 1877, provided, in section 292, for the examination of a judgment debtor, and contained the following:

"On an examination under this section, either party may examine witnesses in his behalf, and the judgment debtor may be examined in the same manner as a witness."

But this provision was held, in Hinds v. Canandaigua & Niagara Falls R. R. Co., 10 How. Prac. (N. Y.) 487, and Sherwood v. Buffalo & New York City R. R. Co., 12 How. Prac. (N. Y.) 136, not to apply to corporations.

Section 295 of the same edition of the Code provides that witnesses may be required to appear and testify on any proceedings under this chapter, in the same manner as on the trial of an issue. Section 298 provides for the appointment of a receiver. In 1880 a new revision of the Code of Civil Procedure of the state of New York seems to have provided, in section 2444, for the examination of corporations, and subsequent legislation has repealed the provisions for the examination of witnesses under subpœna. But these changes (that is, of 1880) are subsequent to the adoption of section 916, Rev. St. in 1878, and subsequent, as has been said, to any general rule in this district.

The present Code of Civil Procedure of the state of New York, in section 2459, provides that a judgment debtor or officer of a corporation, required to attend in its behalf, being a resident of the state or having an office within the state, for the regular transaction of business, in person, cannot be compelled to attend, at a place without the county wherein his residence or place of business is situated. This provision is a re-enactment of some of the language of section

292 of the Code of Civil Procedure of 1877; but it cannot be considered that such a provision is binding upon the United States court. If an execution could properly be issued to the United States marshal for the Eastern district of New York, and an order for examination can be had within the territory over which the execution would run, then the order for examination would certainly be effective throughout the Eastern district of New York, and would include more than one county. It could hardly be said that, in adopting the procedure of the state Code, Congress had intended to limit the jurisdiction of the United States court in the extent of execution of its own process geographically, for the boundaries of the United States courts are defined by sections of the Revised Statutes creating the courts, and process runs accordingly. Further, the New York Code, providing that witnesses may be summoned, has given the United States courts, under the adoption of this section, authority to summon witnesses, and in civil cases, under the provisions of section 876 of the Revised Statutes (U. S. Comp. St. 1901, p. 667), subpœnas may run within 100 miles. The most that can be urged would be that inasmuch as the New York Code limits the running of subpœnas of the state courts in supplementary proceedings to a county throughout whose territory execution can be issued, by analogy the United States court could only subpœna witnesses to attend throughout the district over which the United States marshal has jurisdiction to levy an execution; but legislating by analogy from other statutes is hardly a function of the court, and inasmuch as the subpœnas of the United States courts are especially given authority within a radius of 100 miles, in civil cases, it does not seem that this court should limit the right of subpœna in a particular kind of case, because of similarity or legislation in the state of New York, when the New York statute is not expressly applicable.

A further point, to the effect that the Maine corporation had obtained the privilege of doing business within the state of New York and had done business therein, at which time it had designated the person upon whom process might be served, and that because of these facts it should be presumed to still be doing business, and therefore be within the exceptions of section 2863, of course, falls, if section 2863 falls; but it may be said that the positive averment in the affidavits that the corporation is not doing business would seem to be sufficient ground for withholding from it any privilege which it might have if doing business, and this question would seem to raise an issue of fact, rather than one of law or jurisdiction.

Inasmuch, however, as the statute in force in the United States courts must date back to the law as it existed at a time when a corporation could not be examined, the entire proceeding must be dismissed.