PENN OIL & SUPPLY CO., Limited, v. COHN.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

1. ARREST (§ 35*)—COMPLAINT AS BASIS FOR ARREST.

An allegation on information and belief in a complaint may be disregarded as a basis for an order of arrest, where no facts are stated in the complaint or accompanying affidavit to substantiate it.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 87; Dec. Dig. § 35.*]

2. ARREST (§ 35*)—COMPLAINT AS BASIS FOR ARREST.

Where the allegations of a complaint are positively stated, but appear from the verification by plaintiff's attorney to be in fact based on information furnished affiant by third parties, or by letters or papers the contents of which are not stated, the complaint has no probative value as an affidavit and furnishes no support for an order of arrest.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 87; Dec. Dig. § 35.*]

3. ARREST (§ 22*)—AFFIDAVIT FOR ORDER—INSUFFICIENCY.

An affidavit of plaintiff's attorney accompanying the complaint held insufficient to furnish a basis for an order of arrest.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. § 49; Dec. Dig. § 22.*]

4. AFFIDAVITS (§ 3*)—STATEMENTS FOUNDED ON INFORMATION AND BELIEF.

When courts and judicial officers are asked to act on affidavits founded on information and belief, they must be furnished with the sources of information in order that they may draw their own conclusions.

[Ed. Note.—For other cases, see Affidavits, Cent. Dig. § 16; Dec. Dig. § 3.*]

Appeal from Special Term, New York County.

Action by the Penn Oil & Supply Company, Limited, against Gustav Cohn. From an order denying a motion to vacate the order of arrest, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

M. Carl Levine, for appellant.
Willard G. Stanton, for respondent.

SCOTT, J. The defendant appeals from an order denying his motion to vacate an order of arrest; the motion being made upon the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

papers on which the order was granted. These papers consist of a complaint and an affidavit, both verified by one of the plaintiff's attorneys. The complaint is a curiously unscientific pleading, and it is not easy to determine just what cause of action is sought to be stated, or whether any is sufficiently stated. It alleges a written contract between plaintiff, on the one hand, and defendant and one Hans Boellert, of Berlin, Germany, on the other, under the terms of which defendant and Boellert agreed to sell to plaintiff a large number of incandescent kerosene mantle burners of a certain kind, and to guarantee plaintiff the exclusive right to sell in certain territory. The plaintiff agreed to pay to defendant and Boellert the sum of $7,800, to be in payment of one-quarter of the total amount to be paid to said defendant and Boellert; the remaining three-quarters to be paid on each order upon delivery of each shipment of burners. It was agreed that plaintiff might at any time at its option rescind the contract, in which event defendant and Boellert agreed to repay to plaintiff all moneys paid to them; plaintiff to have the option to take such payment in cash or burners, and payment to be made within 15 days after notice of rescission.

The complaint alleges compliance by plaintiff with the terms of the agreement and the payment of $7,800 to defendant in accordance therewith on February 7, 1908, that on April 6, 1908, defendant repudiated the said contract, and on April 30, 1908, plaintiff notified defendant that it elected to rescind the contract and demanded the return of the money paid, which has not been returned, although more than 15 days have elapsed. It is then alleged: That before the making of said contract defendant represented to plaintiff that he (said defendant) was the agent of said Boellert, and duly authorized to make the agreement for him as agent, that he (said defendant) was able to and would protect plaintiff in all its rights under said agreement, and that the deposit of $7,800 was required by Hans Boellert as a guaranty of good faith, and would be immediately transmitted to him. That plaintiff relied upon said representations, and by reason thereof executed the agreement and paid over the money. That said representations were false and intended to and did deceive plaintiff. That defendant was not authorized to enter into such agreement for said Boellert, as his (Boellert's) agent. That defendant was not able, and knew that he was not able, to protect plaintiff in his rights under said agreement. That said Boellert did not require a deposit of $7,800, or any sum, as a guaranty of good faith. That defendant did not send said moneys forward to Boellert, or advise the said Boellert that the same had been received, nor advise said Boellert that the agreement had been entered into, but wrongfully and with intent to defraud plaintiff converted the said $7,800, and unlawfully retains the same. There is also an allegation, upon information and belief, that defendant has removed or disposed of the property, or is removing or disposing of the same, with intent to defraud his creditors; but no facts are stated in the complaint or the accompanying affidavit to substantiate this allegation, so that it may be disregarded as a basis for the order of arrest.

Although the allegations of the complaint, except the one last noted, are all made positively and are stated in the attorney's verification to be true of his own knowledge, it is evident from the verification itself that they are made only upon the affiant's information. He says:

"That deponent has fully gone into the facts and causes of action upon which the foregoing complaint is based with Charles W. Ralph, of Minneapolis, Minn., general manager of the plaintiff company, and who had charge of the matters set forth in said complaint, and with James A. Kellogg, Esq., of Minneapolis, Minn., who at the times mentioned in the foregoing complaint was attorney for plaintiff, and he has personal knowledge of all the matters set forth therein. That deponent had had personal interviews with M. Carl Levine, Esq., of New York, attorney for defendant herein. That deponent has in his possession the agreement set forth in the foregoing complaint, and all the correspondence between the parties hereto and in any way bearing upon the cause of action herein, and is familiar with the contents thereof."

It is thus made quite clear that the allegations of the complaint, although positively stated, are in fact based upon information furnished to the affiant by third parties, or upon letters and papers the contents of which are not stated. Such a complaint has no probative value as an affidavit, and furnishes no support for the order of arrest. The affidavit which accompanies the complaint is also made by the attorney, and is of no more value as a support for the order of arrest than is the complaint. It states that the plaintiff's general manager and solicitor have stated the case to the affiant, and that all the correspondence between the parties and all the papers bearing thereon are in the affiant's possession and have been carefully examined by him. It does not state that the papers in his possession contain, but does allege the conviction on the part of the affiant that plaintiff has a good cause of action, and that defendant has been guilty of fraud and conversion. Certain unrelated and disjected excerpts are then given, within quotation marks, which are apparently extracted from letters written by defendant. These are presumed to indicate that defendant made certain representations. The important matter to be established, however, is not the representations, but their falsity. There is a reference to, but no quotation from, an affiadvit of Hans Boellert dated December 7, 1908, from which the affiant draws the deduction that said Boellert did not know of the existence of any contract with plaintiff and had never received any money thereunder. There is also a statement by affiant that in certain letters, and a statement, defendant acknowledges indebtedness to plaintiff, but claims inability to pay. Again the affiant expresses his belief and conviction that defendant has been guilty of fraud and conversion.

Of course the declaration of the attorney's belief and conviction as to the defendant's guilt is wholly immaterial. It is the court, or the judge making the order, and not the attorney, who must be convinced that there is sufficient ground for the order of arrest. Nor are the deductions made by the affiant from papers and statements in his possession, but which he does not produce, of any probative force. They are merely the conclusions of the affiant; but, when courts and judicial officers are asked to act upon affidavits founded on information and belief, they must be furnished with the sources of the information in order that they may draw their own conclusions. Murphy v. Jack,

76 Hun, 356, 27 N. Y. Supp. 802; Ladenburg v. Commercial Bank, 87 Hun, 275, 33 N. Y. Supp. 821; Barrell v. Todd, 65 App. Div. 22, 72 N. Y. Supp. 527; Wilson v. Collins, 119 App. Div. 88, 103 N. Y. Supp. 1038; Burns v. Boland, 70 App. Div. 556, 75 N. Y. Supp. 700. Finally, even if the court could accept the attorney's summary of the contents of the undisclosed papers, there is nothing to show the falsity of any of the representations alleged in the complaint to have been false, to wit, that plaintiff was authorized to execute the agreement as Boellert's agent, that defendant was able to protect plaintiff, and that Boellert required the prepayment or deposit of $7,800.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate the order of arrest granted, with $10 costs. All concur.