## 9722

### MAXWELL *ET AL.* v. HORTON.

#### (93 S. E. 4.)

1. EXECUTION—EXECUTION AGAINST THE PERSON—JUDGMENT ON WHICH AUTHORIZED.—In an action for the division of a crop, a judgment finding plaintiff entitled to one-third of the crop and stating its value was not an ordinary money judgment, and plaintiff was entitled to execution against the person of the defendant after the return of an execution against his property unsatisfied.

2. EXECUTION — EXECUTION AGAINST THE PERSON — PERSONS LIABLE — STATUTE.—Where defendant in an action for division of crops disposed of the whole crop pending the action, he was within Code Civ. Proc. 1912, sec. 230, providing that the defendant may be arrested in an action for property embezzled by a person in a fiduciary capacity.

Before PEURIFOY, J., Spartanburg, September, 1916. Affirmed.

Action by James Maxwell and another against William A. Horton. From an order granting the plaintiffs leave to issue execution against the person of the judgment debtor after the return of an execution against his property unsatisfied, defendant appeals.

*Mr. J. C. Otts,* for appellant, cites: Code Civ. Proc., sec. 230; 79 S. C. 9; 38 S. C. 71; 102 S. C. 499.

*Mr. R. B. Paisley,* for respondent, cites: Code Civ. Proc., secs. 230, 346, 347; 82 S. C. 432; 104 S. C. 81.

July 3, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order granting the plaintiff leave to issue an execution against the person of the judgment debtor, after the return of an execution against his property unsatisfied. On the 20th of April, 1916, the Circuit Court rendered judgment as follows:

"It appears that James Maxwell entered into a contract with the defendant, whereby he was to work for the defendant for wages until 'lay-by time,' and his wife, Elizabeth Maxwell, had a contract to work a hoe crop on defendant's place, whereby she was to receive one-third of the crop, and the defendant two-thirds, Elizabeth Maxwell was to pay for one-third of the guano, and the defendant two-thirds. This action was brought for the division of the hoe crop. I find that one-third of the hoe crop, after deducting one-third of the guano, belonged to Elizabeth Maxwell, and was not subject to her husband's debts, it being her individual earnings. I find that so much of the master's report that finds the amount of cotton made, and the price received therefor amounting to $195.50, is correct and is hereby affirmed I also find the amount of seed sold and the price received therefor, amounting to $52.85, as found by the master, is correct and is hereby affirmed. The $4 allowed for labor and the 50 cents for flour are proper charges, and I so allow. It is therefore ordered, adjudged and decreed that the plaintiff, Elizabeth Maxwell, have judgment against the defendant, William A. Horton, for $66.25, and the defendant pay all the cost of this action."

On the 6th of September, 1916, the plaintiff made an affidavit which contains these allegations:

"That while the action between the plaintiff and defendant was pending in the Court of Common Pleas, and before it was terminated, the defendant sold the entire crop made by this deponent, consisting of four bales of cotton and the

seed therefrom, and has failed and refused to pay this deponent any portion of the same.

"That the defendant has refused to deliver this deponent her part of the crop, or the proceeds therefrom, and fraudulently detains the same for the purpose of defrauding this plaintiff and cheat and deprive the plaintiff, Elizabeth Maxwell, of her property.

"Wherefore, this deponent asks for an order of arrest in this action, and execution against the person of this defendant, as provided in sections 230 and 347 of the Code of Civil Procedure 1912."

A rule was issued against the defendant, requiring him to show cause why the plaintiff should not have leave to issue execution against his person "for fraudulently taking or detaining or disposing of plaintiff's one-third of all crops raised upon the hoe crop plaintiff worked with defendant during the year 1915." After hearing the defendant's return to the rule, his Honor, the Circuit Judge, made an order commanding the sheriff to arrest the defendant, Wm. A. Horton, and commit him to the jail of the county until he paid said judgment, or was discharged according to law. The appellant's attorney, in his argument, states that the exceptions raise two questions, the first of which is as follows:

"The judgment being a money judgment and not for the delivery of any specific property, had the Court the power to make an order committing defendant to jail?"

Not only does the judgment rendered on the 20th of April, 1916, show upon its face that it was not an ordinary money judgment, but the language used in the order of arrest shows that such is not its proper construction. The following appears in said order:

"Whereas, judgment was rendered on the 10th day of May, 1916, in the Court of Common Pleas of Spartanburg county, S. C., in an action between James Maxwell, Elizabeth Maxwell and against Wm. A. Horton, defendant, in

favor of Elizabeth Maxwell and against the defendant,
Wm. A. Horton, *for one-third of the crop* as set· forth in
the decree of the Court as above set forth or mentioned of
the date of May 10th, *the amount of the judgment as found
being sixty-six and 25-100 dollars.* * * * (Italics added.)

It will thus be seen that the amount of the judgment
represented her proportion of the crop, to wit, one-third
thereof. The second question raised by the exceptions is
as follows:

1        "Did the Court err in holding that such attach-
ment issue, when it was manifest from the record
that the defendant was not such a person as was enumerated
in section 230 of the Code?"

Section 230 of the Code provides that the defendant may
be arrested in the following cases:

"In an action for money received, or property embezzled
or fraudulently misapplied, by a public officer, or by an
attorney, solicitor, or counsellor, or by an officer or agent
of a corporation or banking association, in the course of his ·
employment as such, or by any factor, agent, broker, or
other person in a fiduciary capacity, or for any misconduct
or neglect in office, or in a professional employment. In
an action to recover the possession of personal property
fraudulently detained, or where the property, or any part
thereof, has been fraudulently concealed, removed, or dis-
posed of, so that it cannot be found or taken by the sheriff
or constable and with intent that it should not be so found
or taken, or with intent to deprive the plaintiff of the bene-
fit thereof. When the defendant has been guilty of a fraud
in contracting the debt, or incurring the obligation for
which the action is brought, or in concealing or disposing
of the property for the taking, detention, or conversion of
which the action is brought, or when the action is brought
to recover damages for fraud or deceit. When the defend-
ant has removed or disposed of his property, or is about to
do so, with intent to defraud his creditors."

It is only necessary to cite the case of *Mercantile Co.* v. *Britt,* 102 S. C. 499, 87 S. E. 143, to show that the defendant was acting in a fiduciary capacity, when he destroyed the rights of the defendant in the crop, which were of an equitable nature.

Appeal dismissed.