15361

FOUR COUNTY AGRICULTURAL CREDIT CORPORATION v.
MATTHEWS

(18 S. E. (2d), 602)

June, 1941.

*Mr. Samuel Want, Mr. James S. Verner* and *Mr. Sam Rogol,* all of Darlington, for appellant,

*Messrs. McEachin & Townsend* and *Mr. Ray W. Humphrey,* all of Florence, for respondent,

Counsel for appellant, in reply brief,

January 29, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

The major question presented by the appeal is whether or not under the applicable statutes the complaint in this action sets forth a statement of facts showing one or more of the causes of arrest required by Section 500 of the 1932 Code. The action is one in claim and delivery, based upon a note and chattel mortgage covering certain chattels and crops, which was given to secure a loan made by the plaintiff to the defendants. The defendants defaulted, and the cause, having been referred to the Master for Florence County, resulted in a judgment for the plaintiff in the sum of $500.00, together with the costs of the action. An execution issued against the respondent, W. L. Matthews, and his co-defendant, was returned *nulla bona* by the sheriff, and thereafter the respondent was arrested under an execution against his person and placed in the Florence County jail. Within a few hours after his arrest, without notice to appellant's counsel the lower Court granted an order on the application of respondent's counsel, releasing and discharging him. How-

ever, on the same day the propriety of the release and discharge was fully argued before the lower Court. The Court refused to rescind its previous action releasing the respondent, and ordered that the execution against his person be set aside and vacated.

The order was based upon the ground that the statement of facts contained in the verified complaint did not meet the provisions of the law requiring that one or more of the causes of arrest be shown, as provided in Section 500 of the Code of 1932. We are concerned here only with certain crops described in the chattel mortgage.

The complaint contains the usual allegations in claim and delivery. Following the description of the crops mortgaged to secure the debt due appellant, the complaint sets forth in the third paragraph, "that upon information and belief the said crops have been harvested, and have been sold or otherwise disposed of by the defendants, without any accounting being made to the plaintiff for the proceeds of sale."

The appellent contends that the foregoing allegation is sufficient to subject the defendant to arrest under the pertinent provisions of sub-divisions (2), (3), (4), and (6) of Section 500, 1932 Code.

Authority for the issuance of an execution against the person is given in Section 741 of the 1932 Code in the following language: "If the action be one in which the defendant might have been arrested, as provided in section 500 and section 502, an execution against the person of the judgment debtor may be issued to any county within the jurisdiction of the court, after the return of an execution against his property unsatisfied in whole or in part. But no execution shall issue against the person of a judgment debtor, unless an order of arrest has been served, as in this Code of Procedure provided, or *unless the complaint contains a statement of facts showing one or more of the causes of arrest required by section 500.*" (Emphasis added.)

We have italicized the portion of Section 741 which is applicable to this case.

The relevant causes of arrest authorized by Section 500 of the Code, one or more of which must be shown by the statement of facts contained in the complaint, are thus stated in the statute:

"The defendant may be arrested, as hereinafter prescribed, in the following cases:

\* \* \* \* \*

"(2) In an action to recover the possession of personal property fraudulently detained, or where the property, or any part thereof, has been fraudulently concealed, removed, or disposed of, so that it cannot be found or taken by the sheriff or constable, and with intent that it should not be so found or taken, or with intent to deprive the plaintiff of the benefit thereof.

"(3) When the defendant has been guilty of a fraud \* \* \* in concealing or disposing of the property for the taking, detention, or conversion of which the action is brought to recover damages for fraud or deceit.

"(4) When the defendant has removed or disposed of his property, or is about to do so, with intent to defraud his creditors. But no female shall be arrested in any action.

\* \* \* \* \*

"(6) In an action for the recovery of damages in a cause of action not arising out of contract \* \* \* or for injury or for wrongfully taking, detaining or converting property."

The position is maintained and urged by the appellant that the complaint clearly sets forth a cause of action coming within the purview of each of the four sub-divisions herein referred to. In determining whether or not this contention is sound, we must confine our attention solely to a consideration of the allegations contained in the complaint. None of the usual supporting papers attached to the complaint in the claim and delivery action, nor any other statement or finding appearing in the proceeding, can have any bearing whatsoever in the determination of this question. The Legislature has so declared.

Although statutes authorizing imprisonment in civil actions are remedial, they are also penal. A creditor who seeks the benefit of a statute authorizing arrest or imprisonment in civil actions must fully comply with the requirements prescribed by the statute, and where the proceeding to obtain an order of arrest is purely statutory, the provisions of the statute by which it is authorized must be followed strictly because in derogation of personal liberty. (5 C. J., Sec. 85, page 440.) The remedy is a drastic one, and should be granted only on a clear showing that plaintiff has brought himself within the provisions of the applicable statute. 6 C. J. S., Arrest, §§ 42 and 43, page 656.

In this proceeding the right to an execution against the person of the respondent is predicated upon and referred to that portion of the complaint which we have already quoted. In such case the complaint must fully set out the ground on which the arrest is sought, and it is essential that it should allege the facts tending to show the existence of such ground or grounds.

If the facts constituting the cause of action are stated upon information and belief, the source of plaintiff's information and the grounds of his belief must be shown in order to support the order of arrest. 6 C. J. S., Arrest, § 56, pages 670, 671; *Penn Oil, etc., Co. v. Cohn,* 131 App. Div., 929, 116 N. Y. S., 124; 5 C. J. S., Sec. 187, pages 496, 497.

The statement of facts in the verified complaint showing the cause of arrest must be as clear and explicit as if set forth in the affidavit required under Section 502, 1932 Code, as the basis for an order for arrest. In either case, where the allegations are made on information and belief the sources of information and the grounds of belief should be stated. 6 C. J. S., Arrest, § 50, page 660. No rule of pleading is better established than that facts must be alleged, and not legal conclusions, and that in the case of fraud, the facts must be stated upon which the charge is based.

The allegation of the complaint, "that upon information and belief the said crops have been duly harvested and have been sold or otherwise disposed of by the defendants, without any accounting being made to the plaintiff for the proceeds of sale," in our opinion, does not meet the requirements of any of the pertinent sub-divisions of Section 500. Not a single fact or circumstance is alleged in support of the affiant's belief that the crops have been harvested or fraudulently disposed of. The law, as we construe it, requires that facts and circumstances should be stated, and not mere conclusions upon information and belief.

We know of no reason why a corporate agent, as in this case, should not verify the complaint, and there is no legal objection to this being done, but the verified complaint or the affidavit should set forth the grounds of arrest with positiveness and certainty, and all material circumstances attending it.

The requirement that the verified complaint shall contain a full and direct statement of one or more of the causes for arrest, and where made upon information and belief contain a statement of the facts and circumstances justifying such relief, is most reasonable and proper. The subjection of a party to arrest and imprisonment on process for the recovery of a pecuniary demand confers on the creditor a large and dangerous power. The exercise of it should not be permitted without a strict compliance with the requirements of the statute, nor be permitted without restraint or responsibility. The least restraint should require that the complaint state the facts and circumstances showing the grounds of belief and the sources of information, and that the allegations be sufficiently specific so as to give the defendant notice that he must be prepared to contest with the plaintiff the facts involving the right of arrest as well as the alleged indebtedness.

Proceedings for the arrest of a debtor in a civil case are closely analogous to attachment proceedings. *Littlestown*

*Sav. Inst. v. Bream,* 95 W. Va., 351, 121 S. E., 169. This Court has held repeatedly that to entitle a party to an attachment of property upon the ground that a defendant had fraudulently committed certain acts, or had done certain acts with a fraudulent intent, the affidavit must disclose the source of information or the facts upon which such a belief is founded. *Myers v. Whiteheart,* 24 S. C., 196; *Guckenheimer v. Libbey,* 42 S. C., 162, 19 S. E., 999; *J. H. Witherspoon Co. v. Bell,* 132 S. C., 303, 128 S. E., 503.

We are unable to believe that the Legislature and the Courts are less jealous of the liberty of the citizen than they are of his property. However small the value of the citizen's property may be, the law requires that before it can be attached and held for his debts, an affidavit must be made, setting up not only the grounds for the attachment upon the affiant's belief, but also a positive statement of facts showing the existence of such grounds.

In our opinion, the mere statement of the statutory ground of arrest in the language of the statute upon the belief of the affiant is not sufficient to support the order of arrest.

The appellant has cited the cases of *Kerr v. Phillips,* 1845, 2 Rich., 197, and *Mitchell v. Henderson,* 1833, 1 Hill, 294, as being contrary to the principles which we have announced. It is true that these early decisions, based upon some undesignated arrest and bail statute, seem to express views somewhat at variance with the views we now adhere to, but these cases upon a different state of facts were decided many years before Sections 500 and 741 were enacted, and we do not regard them as controlling under the facts in this case.

Our decision on the point discussed renders academic other questions raised by the appeal.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and MR. ACTING ASSOCIATE JUSTICE E. H. HENDERSON concur.