16844

RAMANTANIN v. MILLER

(80 S. E. (2d) 925)

78

*James J. Raman, Esq.,* of Spartanburg, *for Appellant,*

*Arnold R. Merchant, Esq.,* of Spartanburg, *for Respondent.*

March 11, 1954.

STUKES, Justice.

This appeal is from an order which denied a writ of mandamus, sought by appellant to require the clerk of court to issue an execution against the person of Columbus Spencer on the judgment in the magistrate's court case of Ramantanin, the appellant here, as plaintiff, against Spencer, defendant. The respondent in the appeal is the clerk of court.

Transcript of the magistrate's judgment, which was entered in the office of the clerk, did not show the nature of the cause of action upon which the judgment was rendered. However, application to the clerk for issuance of the execution was upon affidavit of appellant which set forth the following stated facts.

One Wilkins brought an action in the magistrate's court against Spencer for damages for injuries to personal property which were caused by the recklessness, carelessness and negligence of the defendant, Spencer. The latter's automobile was attached and appellant executed a "replevin" bond as surety for Spencer. In that action Wilkins recovered judgment for $35.75 and costs, transcript of which was entered in the office of the clerk of court.

Spencer failed to pay the judgment and, upon demand, appellant as surety upon the bond paid the judgment which was assigned to him by Wilkins' attorneys by the following endorsement upon the transcript:

"For value received this judgment and all remedies which the Plaintiff has or may have had are hereby assigned to Alex Ramantanin as surety for the Defendant."

Thereafter appellant brought an action against Spencer in the magistrate's court, quoting from his affidavit which is in the record, "by the issuance of a summons and the attachment of the same automobile for which the deponent had executed a replevin bond in the case of *Wilkins v. Spencer.*" That action resulted in a judgment by default in favor of appellant in the sum of $48.10 and, under the order of the magistrate, the automobile was sold for $30.00, which left unpaid $18.10, plus the cost of transcript of the judgment and the costs accruing in the clerk's office and in the sheriff's office. Execution thereon against the property of Spencer was issued and returned *nulla bona* by the sheriff.

Execution against the person is authorized by section 10-1705 of the Code of 1952 which provides, *inter alia,* as follows: "But no execution shall issue against the person of a judgment debtor * * * unless the complaint contains a statement of facts showing one or more of the causes of arrest required by § 10-802."

Appellant apparently contends that he is entitled to execution against the person of Spencer under subdivision (6) of Section 10-802 which authorizes arrest in a civil action for the recovery of damages when the action is for injury to property. However, he sought the issuance of the execution upon the judgment which he recovered against the debtor in the action brought by him. The record contains no complaint therein which might comply with the terms of section 10-1705, quoted above, and it is otherwise apparent on the record that his action against Spencer was not for injury to property.

It is elementary that statutes authorizing arrest in civil actions and execution against the person must be strictly followed when invoked. *Four County Agricultural Credit Corporation v. Matthews,* 199 S. C. 71, 18 S. E. (2d) 602.

The order under appeal is affirmed under Sec. 8 of Rule 4 of this Court.

BAKER, C. J., TAYLOR and OXNER, JJ., and GRENEKER, Acting Associate Justice, concur.