17014

BAKER WHOLESALE COMPANY, Appellant, v. W. LLOYD FLEMING, Clerk of Court of Common Pleas, Respondent

(87 S. E. (2d) 876)

*William H. Grimball, Jr., Esq.,* of Charleston, *for Appellant,*

*Laurence O. H. Stoney, Esq.,* of Charleston, *for Respondent,*

June 8, 1955.

STUKES, Justice.

The petitioner, now appellant, obtained judgment by default in the Civil and Criminal Court of Charleston against Robert E. Miller upon a complaint, the presently pertinent paragraphs of which follow:

3. That heretofore, on or about the 22nd day of October, 1953, the plaintiff intrusted to the defendant the sum of $185.40, belonging to the plaintiff, for the purpose of, and which defendant promised should be by him used for, the purchase by the defendant for the plaintiff of a washing machine, General Electric Model 450-X.

4. That thereafter, on or about the 28th day of October, 1953, the plaintiff intrusted to the defendant an additional sum of $185.40, belonging to the plaintiff, for the purpose of, and which defendant promised should be by him used for, the purchase by the defendant for the plaintiff of a second washing machine, General Electric Model 450-X.

5. That thereafter, on or about the 29th day of October, 1953, the plaintiff intrusted to the defendant an additional sum of $239.48, belonging to the plaintiff, for the purpose of, and which defendant promised should by him be used for, the purchase by the defendant for the plaintiff of a Dumont 21-inch table-model television set.

6. That the defendant received the money referred to in the three preceding paragraphs in a fiduciary capacity.

7. That the defendant has not purchased either the washing machines or the television set for the plaintiff, as he promised to do but with intent to cheat and defraud the plaintiff the defendant has wrongfully converted, embezzled, and appropriated to his own use the money referred to in paragraphs 3, 4 and 5 hereof, in the total sum of $610.28, and has refused to repay the same to the plaintiff, upon demand heretofore made by this plaintiff, to the plaintiff's damage in the sum of $610.28.

Execution against the property of the defendant was returned *nulla bona* by the sheriff and thereafter petitioner applied to the clerk of the court for an execution against the person of the defendant under the terms of section 10-1705 of the Code of 1952 which provides that an execution against the person of a judgment debtor may be issued after the return of an execution against his property unsatisfied, if the action be one in which the defendant might have been arrested as provided in section 10-802; but execution against the person shall not issue unless an order of arrest has been served, as otherwise provided in the Code, or unless the complaint contains a statement of facts showing one or more causes of arrest required by section 10-802.

Section 10-802 specifies several causes of action in which the defendant may be arrested and we think this case fairly comes within the first, which is as follows:

"(1) In an action for money received or property embelzled or fraudulently misapplied by a public officer, an attorney, solicitor or counsellor, an officer or agent of a corporation or banking association in the course of his employment as such or a factor, agent, broker or other person in a fiduciary capacity or in an action for any misconduct or neglect in office or in a professional employment".

Upon refusal by the clerk of the court to issue execution against the person of the defendant, appellant petitioned the

court to require the issuance of execution by a writ of mandamus against the clerk to which return was made. After hearing, the court refused the writ in an order which concluded as follows: "The allegations of the complaint, where arrest is sought, should be sufficiently specific so as to give the defendant notice that he must be prepared to contest with the plaintiff the facts involving the right of arrest as well as the alleged indebtedness. *Four County Agricultural Credit Corp. v. Matthews,* 199 S. C. 71, 18 S. E. (2d) 602; Section 10-1705 of the Code of 1952. The complaint in this action fails so to do." The appeal is from the quoted order.

The court's conception of the law is undoubtedly correct but we think it was erroneously applied in this case. The complaint was, in our opinion, sufficient to put the defendant on notice that under its allegations, which he did not contest, he was subject to arrest for embezzling the funds entrusted to him. Under the averments he was entrusted with petitioner's funds for the specific purpose of making certain purchases, which he promised to do, but instead he converted and appropriated the trust funds to his own use. He was clearly within the terms of section 10-802(1) as an "agent, broker or other person in a fiduciary capacity."

The recent authority relied upon for a contrary conclusion, *Four County Agricultural Credit Corp. v. Matthews, supra* [199 S. C. 71, 18 S. E. (2d) 604], is not in conflict. It was an action in claim and delivery upon a note and chattel mortgage, given to secure a loan, and it was alleged in the complaint, quoting, "that upon information and belief the said crops have been duly harvested and have been sold or otherwise disposed of by the defendants, without any accounting being made to the plaintiff for the proceeds of sale.'" Refusal of bodily execution was affirmed upon the ground that the allegation was upon information and belief and no facts or circumstances were alleged in support of the belief that the crops had been harvested or fraudulently disposed of. We add that the source of affiant's information and

belief was not stated. 21 Am. Jur. 334, Executions, Sec. 708. The conclusion was that the mere statement of a statutory ground of arrest upon the belief of the affiant is insufficient to support an order of arrest. The distinguishing contrast of the facts of the case in hand is apparent. Here the complaint was verified by the oath of the president of the plaintiff corporation who swore that the allegations of the complaint are true of his own knowledge.

The statute was applied in *National Bank v. Jennings*, 38 S. C. 372, 17 S. E. 16, 17 opinion by Chief Justice McIver, with the same result that we reach here. As security for a loan, the defendant in that case had assigned securities to the bank which he was obligated to collect and pay over to the bank. Instead, he converted the proceeds of collections to his own use. Plaintiff's allegations were similar to those here, that the defendant received the money in a fiduciary capacity and appropriated it to his own use, with intent to cheat and defraud plaintiff. It was concluded that the allegations came within the terms of the statute, which were quoted, and the arrest of the defendant was warranted. It was said that when the defendant collected the money, he voluntarily assumed a trust and a fiduciary relation. It was further said, quoting from the opinion: "It seems to us that where one receives the money of another under an understanding, either express or implied, that it is to be applied to a certain purpose, and, in violation of such understanding, not only diverts it to some other purpose, without the consent of the owner, but actually converts it to his own use, such a transaction cannot properly be characterized as anything but a fraud." Numerous authorities from other jurisdictions were cited to sustain the conclusions of the court.

See also the tangent cases of *Martin v. Hutto,* 82 S. C. 432, 64 S. E. 421; and *Maxwell v. Horton,* 107 S. C. 380, 93 S. E. 4.

We are not unmindful that, quoting, "Statutes authorizing arrest in civil actions and execution against the person must be strictly followed (and construed, we add) when invoked." *Ramantanin v. Miller,* 225 S. C. 77, 80 S. E. (2d) 925, 927.

The order under appeal is reversed and the case remanded for issuance of the writ of mandamus.

TAYLOR, OXNER and LEGGE, JJ., concur.

J. WOODROW LEWIS. Acting Associate Justice, disqualified.