## 7164

### MARTIN v. HUTTO.

1. APPEAL.—A party is not bound by notice of filing of decree out of term time mailed to him but not received so as to bar his right of appeal when no injury results to the other party and the rights of third parties have not intervened.

2. ARREST.—AN EXECUTION may be issued against the person of a judgment debtor under section 307 of the Code of Procedure, for fraudulent misapplication and embezzlement, after return of execution against his property unsatisfied in whole or in part without a rule to show cause where the defendant has had notice of the cause of action and relief sought by the complaint served and has had opportunity at the trial to show why allegations of fraud, misapplication or embezzlement are not well founded and why the relief should not be granted.

Before DANTZLER, J., Lexington, September, 1907. Modified.

Action by A. W. Martin against Paul E. Hutto. The following is the circuit decree omitting the final judgment, which is set out in the opinion:

"This case came up for hearing before me at the summer term of Court for Lexington county, on the 21st day of August, 1907, upon call of Calendar No. 2, upon the report of the testimony taken by Samuel B. George, Esq., special referee, and the pleadings in the case.

"The only evidence before me is that submitted by the plaintiff, the defendant offering no testimony before the referee, although the defendant had due and legal notice of the time and place of taking said testimony.

"This being a suit of the plaintiff against the defendant for an accounting of moneys collected by the defendant as agent for the plaintiff for the year 1903 and prior thereto; and, to set aside the assignment of a certain lease and demise of plaintiff's farm in Lexington county, known as the Blackville Road Plantation, upon the ground of fraud and failure of consideration; and also for an accounting and possession of one-half of all crops raised upon said plantation during the year 1904, which the defendant wrongfully and unlawfully withholds from said plaintiff and refuses to deliver same, or to pay the plaintiff the value thereof, but has fraudulently taken and detained same, together with the lease and demise of said premises, with the intent to defraud, harrass and cheat the plaintiff, and deprive the plaintifl of the benefit thereof; and for an order of arrest in this action, and an execution upon the judgment herein.

"No order of arrest has yet been taken in the action, but from the facts of this case as found by me from the testimony submitted before the referee I am satisfied that the plaintiff is entitled to a *ca sa,* or execution against the person of the defendant as provided by secs. 200 and 308 of the Code of Civil Procedure of 1902.

"I find from the evidence the following facts:

1. "That the defendant, Paul E. Hutto, was at the times mentioned in the complaint, and still is, a resident of the town of Swansea, County of Lexington, and State of South Carolina.

28—82

2. "That prior to and during the year 1903 the said Paul E. Hutto acted as the agent of the plaintiff, A. W. Martin, in making advances to and collecting rents from plaintiff's tenants on plaintiff's farm, situated in the county and State aforesaid, said farm being known as the Blackville Road Plantation, for which no accounting has been rendered.

3. "That on or about May 16, 1904, the plaintiff and defendant entered into an agreement in writing, antedating said agreement the 23d day of December, 1907, whereby the plaintiff agreed to lease and demise the said farm, known as Blackville Road Plantation, to the defendant from the 23d day of December, 1903, until the 24th day of December, 1904, for agricultural purposes, for a yearly rental of one-half of all crops raised on said farm, and for the repayment of all advances of guano and supplies furnished in accordance with said contract. I find that the defendant, Paul E. Hutto, took charge of said farm under said agreement of lease for the year 1904, and the said defendant through his agents, servants and subtenants raised large crops of cotton, corn, fodder, hay, potatoes and other crops on said farm during the year 1904, amounting in the aggregate in value to sixteen hundred and eighty and no-100 dollars, of which amount the plaintiff was entitled to one-half on or before the 12th day of November, 1904.

4. "I further find that the assignment on the back of said lease and demise from A. W. Martin to Paul E. Hutto, dated the 16th day of May, 1904, was given for the sole purpose of using said lease by Paul E. Hutto, as collateral security at some bank for the loan of two hundred dollars for the benefit of plaintiff, and that after securing said assignment for said purposes the defendant, Paul E. Hutto, failed and refused to use said lease so assigned for the purposes for which it was assigned, and refused to return said lease to the plaintiff, but for the purpose of defrauding, harrassing and cheating the plaintiff, A. W. Martin, the defendant, Paul E. Hutto, wilfully, wrongfully, unlawfully

and fraudulently kept said lease so assigned to him, for the purpose of defrauding the plaintiff of the use thereof and the benefits thereunder, and refused to use same for the purposes for which it was assigned, or return same to the plaintiff, although same was frequently demanded of him, and, therefore, I find that said assignment of said lease as aforesaid from A. W. Martin to Paul E. Hutto was fraudulently obtained, was totally without any consideration, and is therefore null and void.

5. "I further find that the defendant has wrongfully, unlawfully and fraudulently failed and refused to turn over to the plaintiff his one-half of all crops raised upon said premises, during the year 1904, or to make a division of same, but has fraudulently converted same to his own use.

6. "I further find that the defendant is due the plaintiff one-half of the value of said crops raised upon said farm during the year 1904, to wit: Eight hundred and forty and no-100 dollars, with interest on same since the 12th day of November, 1904, to date of this decree, amounting to one hundred and seventy-nine and 98-100 dollars; total, amount of principal and interest, one thousand nine and 98-100 dollars.

7. "I further find that the defendant is due a credit of the difference between the amount due plaintiff for rents collected as agent of plaintiff and the amount due defendant by plaintiff, as shown by the statement of defendant to plaintiff exhibited in evidence as corrected by the evidence of plaintiff, the sum of two hundred forty-one and 84-100 dollars.

"It is, therefore, ordered, adjudged and decreed: That the assignment of the lease and demise of A. W. Martin to Paul E. Hutto of the Blackville Road Plantation, said assignment being dated May 16, 1904, be and the same is hereby declared to be null and void, and the defendant, Paul E. Hutto, is hereby required to surrender said lease and demise so assigned to the clerk of this Court for cancellation of the

assignment on the back of same, and to file same so cancelled with the record of this case.

"It is further ordered, adjudged and decreed: That the plaintiff have, and is hereby given judgment against the defendant for the difference between the value of plaintiff's portion of the crops raised on the Blackville Road Plantation during the year 1904, fraudulently taken, detained or disposed of by defendant, with interest thereon from the 12th day of November, 1904, to date of this decree, to wit, the aggregate sum of one thousand nine and 98-100 dollars, and the sum of two hundred forty-one and 84-100 dollars due defendant by plaintiff, the said difference for which judgment is given, amounting to seven hundred sixty-eight and 14-100 dollars and the costs of this action.  * * * "

From this decree the defendant appeals.

*Messrs. Graham & Sturkie* for appellant

*Messrs. DePass & DePass,* contra.

No argument furnished Reporter by either side.

April 13, 1909.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The facts in this case are fully set out in the circuit decree.  The defendant did not appear at the reference or at the trial in the Circuit Court.  But there can be no doubt of the correctness of the conclusion of Judge Dantzler, that defendant was guilty of a fraudulent appropriation of plaintiff's one-half of the crops made by defendant on plaintiff's land under a share crop contract; and that the value of the property so appropriated was seven hundred and sixty-eight dollars and fourteen cents.  The only real issue made by the appeal is, whether the Circuit Judge erred in decreeing that the plaintiff have leave to issue an execution for the arrest of the defendant.

Before reaching this question, however, it is necessary to dispose of a motion made by plaintiff to dismiss the appeal, on the ground that the defendant had not given notice of intention to appeal within ten days after notice of the filing of the decree. The decree was filed out of term time, and, therefore, the ten days allowed to defendant to serve notice of intention to appeal did not commence to run until notice of the filing of the decree. Plaintiff's counsel mailed notice of the filing of the decree to the defendant and his attorney separately, on 1st day of October, 1907, under secs. 410 and 411 of the Code of Procedure, which provide: "Service by mail may be made where the person making the service and the person on whom it is to be made reside in different places, between which there is a regular communication by mail."

"In case of service by mail, the paper must be deposited in the postoffice, addressed to the person on whom it is to be served, at his place of residence, and the postage paid."

The notice of intention to appeal was not served until 30th November, 1907. There is no doubt of the mailing of the notice as required by statute, but the defendant and his attorney, Mr. Sharpe, submit affidavits that neither of the notices was received.

The important question is, whether a party in such case is absolutely bound by the mailing of the notice to him though he fails to receive it, and is thus shut out from his right of appeal. The point is not free from difficulty. There is strong reason for holding that the notice of the filing of the decree is not essential to the exercise of the right of appeal, for both parties might, without hardship, be held bound to take notice of the filing of the decree as an act taking place in a public office. Indeed, looked at from the technical legal standpoint, we think this the true view of the matter. Still, the law contemplates that the losing party may rely on notice of the decree from the successful party, and we can not think it was the intention to conclude the rights of a

party by holding him bound by a notice mailed to him but not received, where no injury has resulted to the other party and the rights of third parties have not intervened. Service by mail in the manner required by the statute is good service, and all judgments and other completed legal proceedings resting thereon will be binding. Even in the course of the proceedings, without a showing of injury to the adverse party, the service by mail in accordance with the statute will be regarded complete, and the party so served will not be relieved against the very strong presumption, except on clear proof that he was taken by surprise. There is no reason to doubt Mr. Sharpe's affidavit that notice failed to reach him. We have more hesitation in crediting the defendant's affidavit, because of the very bad light in which he appears throughout the case. Nevertheless, as. the plaintiff has lost no substantial right, we have concluded, though with hesitation, to regard the presumption of the receipt of the notice overcome by defendant's sworn statement that it did. not reach him. The motion to dismiss the appeal is refused.

The portion of the decree involved in the appeal adjudges: "That the plaintiff have leave forthwith to issue *ca sa*, or execution against the person of the defendant in accordance with secs. 200 and 308 of the Code of Civil Procedure of 1902, for the arrest of the defendant for fraudulently obtaining and procuring the assignment to himself of the lease and demise of the Blackville Road Plantation for the purpose of depriving plaintiff of the use thereof and benefits thereunder, and for fraudulently taking, detaining or disposing of plaintiff's one-half of all crops raised upon the Blackville Road Plantation during the year 1904; and that said defendant be forthwith imprisoned in the county jail of Lexington county, until said judgment of seven hundred sixty-eight and 14-100 dollars, and costs, are paid, or until he be otherwise discharged in

accordance with the provisions of law in such cases made
and provided."

The defendant contends that it was error to provide in
the decree for an execution against the person of the de-
fendant; first, because such an execution could not be issued
against the defendant until he had been afforded an oppor-
tunity to show cause why the execution should not issue
for his arrest; and second, because the statute requires that
execution against the person can be issued only after a
return of execution against his property, unsatisfied in whole
or in part.

The first ground is untenable. The action, as clearly
appears by the complaint, was for the fraudulent misappli-
cation and embezzlement by the defendant of plaintiff's
property, and, therefore, it fell under subdivision 1 of sec.
200 of the Code of Procedure, which permits the arrest of
the defendant in such case. Section 307 of the Code of
Procedure provides: "If the action be one in which the
defendant might have been arrested, as provided in sec. 200
and sec. 202, an execution against the person of a judg-
ment debtor may be issued to any county within the juris-
diction of the Court, after the return of an execution against
his property unsatisfied in whole or in part. But no execu-
tion shall issue against the person of a judgment debtor,
unless an order of arrest has been served, as in this Code
of Procedure provided, or unless the complaint contains a
statement of facts showing one or more of the causes of
arrest required by sec. 200." This section of the Code
evidently means that execution against the person may be
issued without a rule to show cause, when the defendant
already had notice of the cause of action and the relief
asked from the complaint served on him, and has had
opportunity at the trial to show why the allegations of
fraudulent misappropriation or embezzlement are not well
founded, and why the relief asked should not be granted.
The case of *Kennesaw Mills* v. *Walker,* 19 S. C., 112, is

relied on by defendant as opposed to this conclusion. But that was a case of contempt under supplementary proceedings, involving different facts and principles of law.

The second point is more serious. Section 308 of Code of Procedure specifies the *terms* in which an execution against the person shall issue, but the *condition* on which it may issue is fixed by sec. 307, above quoted. The latter section in providing that it may issue "after the return of an execution against his (the judgment debtor's) property unsatisfied in whole or in part," clearly indicates that it may not issue until such return of an execution against his property. Indeed, there is no other statutory authority than sec. 307 for issuing an execution against the person, and hence such an execution can be issued only when the terms of the statute have been met. There was no return of an execution against the property of defendant, unsatisfied in whole or in part. At the argument it was insisted that the defendant had gone into bankruptcy and that bankruptcy was equivalent to a *nulla bona* return of an execution against the property of the bankrupt. This point, however, cannot be considered as it does not appear from the case for appeal that the defendant is a bankrupt.

The judgment of this Court is, that the judgment of the Circuit Court be modified so as to provide for the issuing of an execution against the property of the defendant, and for an execution against his person in the terms provided by the statute, and stated in the circuit decree, in case the execution against the property of the defendant be returned unsatisfied in whole or in part.