9343

CASTLES v. SOUTH CAROLINA LAW & COLLECTION AGENCY *ET AL.*

TAYLOR v. SAME.

(88 S. E. 273.)

1. Appeal and Error—Special Findings—Submission.—In an action for damages for causing plaintiff's discharge by sending to his employer an assignment of his wages, defendant cannot complain, not having requested it, that the Court failed to submit to the jury the question whether there was fraud, for under Code Civil Pro-

cedure 1912, sec. 321, declaring that the Court may direct the jury
to find a special verdict, a request is necessary to put the Court in
error for failure to do so.

2. EXECUTION—AGAINST THE PERSON.—Code Civ. Proc. 1912, sec. 230,
   declares that in an action for recovery of damages not arising out
   of the contract when defendant is about to remove from the State
   or when the action is for an injury to person or character, the
   defendant may be arrested, while section 346 declares that if the
   action is one in which defendant might have been arrested, execu-
   tion against the person of defendant may be issued on return of an
   execution against his property unsatisfied in whole or in part. In
   an action for damages for wrongfully causing plaintiff's discharge
   from his employment, the Court issued an order providing that
   execution should issue against defendant's person if execution against
   his property was returned unsatisfied. *Held,* that the order was
   justified.

Before WILSON, J., Columbia, April, 1915. Affirmed.

Actions by B. R. Castles and by John H. Taylor against
the South Carolina Law & Collection Agency and E. E.
Phillips. From judgment for plaintiffs, and orders for
arrest of defendant, Phillips, he appeals.

*Messrs. Cooper & Cooper,* for appellant, cite: *As to
right to arrest:* 38 S. C. 482; Code Civ. Proc., sec. 230; 16
A. & E. Enc. of L. 20; 3 Cyc. 904. *Execution against per-
son:* Code Civ. Proc., sec. 346.

*Mr. D. W. Robinson,* for respondent, cites: *As to special
issue as to fraud:* 88 S. C. 106, 107; 94 S. C. 428. *Arrest
and bail and execution against person:* Code Civ. Proc.,
secs. 230 and 346; 82 S. C. 439; 4 Wait's Practice, p. 120,
sec. 2.

March 18, 1916.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

These two cases were tried together upon similar plead-
ings. The actions were brought to recover damages to the

plaintiffs for causing the discharge of the respective plaintiffs by sending in to the employer of the plaintiffs an assignment of the wages of each of the plaintiffs. The answer of the defendant was a denial of the allegations of the complaints. The cases were tried before Judge Wilson, and a jury, at the April, 1915, term of the Court for Richland county, and resulted in a verdict in favor of the plaintiffs in each case: In the Castles case, actual damages $650, punitive damages $1, total $651; in the Taylor case, actual damages $600, punitive damages $1, total $601. A motion for a new trial was made and refused. After verdicts were rendered in each case, plaintiffs obtained an order for the arrest of the defendant. From this order, as well as from the judgments in each case, defendant appealed upon three exceptions.

1       The first exception is as follows:

(1) Because the Court erred in that it did not submit to the jury as a matter of fact the question of whether or not there was fraud.

This exception is overruled, as the Court simply carried out the provisions of section 321 of Code of Civil Procedure, and appellant did not request the Court for a special verdict which was his duty to do if he desired it. *Manson* v. *Dempsey,* 88 S. C. 193, 70 S. E. 610; *Ellison* v. *Railway,* 94 S. C. 428, 77 S. E. 723, 78 S. E. 231. The jury having found a verdict responsive to the issues submitted, established the truth of the issues. This exception is overruled.

2       Exceptions 2 and 3 are as follows:

(2) Because under the verdict found by the jury his Honor, the presiding Judge, had no right to issue an order for execution against the person.

(3) Because the Court erred in singing an order for execution against the person of the defendant, as the complaint did not state a cause for arrest under section 230 of the

Civil Code of Procedure, or section 346 of the Civil Code of Procedure.

The order of the Court simply provides that execution shall issue against the person of the defendant, if the execution against his property was returned unsatisfied. The cause of action set forth in the pleadings and verdict rendered in the case warranted the order of the Court under section 346, Code of Civil Procedure, and the case of *Martin* v. *Hutto,* 82 S. C. 439, 64 S. E. 421. The Judge, who tried the case and heard the evidence, was in a frame of mind, by his knowledge of the facts of the case and the finding of the jury, to make the necessary order in the case to give the plaintiffs the fruit of their litigation. The order made was within the terms "ordinary proceedings in the action." The Court had the right to grant the order it made at the time of the rendition of the judgment. *Odom* v. *Burch,* 52 S. C. 309, 29 S. E. 726. All exceptions are overruled.

Judgment affirmed.