13222

DICKSON ET AL. v. INTER-CAROLINAS MOTOR
BUS CO. ET AL.

(159 S. E., 625)

*Messrs. Mauldin & Love* and *Jesse W. Boyd,* for appellant,

*Messrs. Evans & Galbraith* and *Nicholls, Wyche & Byrnes,* for respondent,

August 7, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The actions involved in this appeal arose out of a collision between a bus owned by the defendant Inter-Carolinas Motor Bus Company, and a Chevrolet truck, the property of one S. C. Dickson, father of the plaintiffs, Spartan Dickson and Newman Dickson, in the Town of Greer, S. C., August 18, 1928. The bus, at the time in question, was being used by the defendant Inter-Carolinas Motor Bus Company in con-

ducting its bus business, operating between Greenville, S. C., and Spartanburg, S. C., passing through the said Town of Greer, and was driven by its agent and co-defendant, J. M. Pratt. The truck was used for the purpose of delivering dairy products for the said S. C. Dickson in the said Town of Greer, driven by his said son, Spartan Dickson, who, with the aid of his brother, Newman Dickson, was delivering dairy products to the customers of the said S. C. Dickson. It appears that the collision resulted in several suits against the defendants, but, at this time, we are only concerned with the suit of Spartan Dickson and the suit of Newman Dickson, brought by their guardian ad litem, S. C. Dickson, which were commenced in the Court of Common Pleas for Spartanburg County, December ...., 1928, and each of these plaintiffs asked for judgment against the defendants in the sum of $10,000.00, based upon the alleged injuries they sustained on account of the negligent, willful, wanton, reckless, and unlawful acts of the defendants, agents, and servants. The plaintiffs asked for punitive damages as well as actual damages. The defendants by answer admitted the formal allegations of the complaints, and also admitted "so much thereof as alleged that the defendants, Inter-Carolinas Motor Bus Company, owned a bus line operating between Greenville, South Carolina, and Spartanburg, South Carolina, and that the defendant, J. M. Pratt, was driving the bus on the day the accident was alleged to have occurred, and that the bus of the defendant did collide on that day with a Chevrolet Truck," but denied all other material alegations, and alleged "that the said accident was caused by the unlawful, willful, negligent acts of the driver of the said Chevrolet Truck," and the defendants further alleged contributory negligence by the plaintiffs who the defendants alleged were engaged in a joint enterprise. The cases were called for trial at the October, 1929, term of said Court before his Honor, Judge J. Henry Johnson, and a jury, and by consent of counsel, the cases were tried together, resulting in a verdict

for the plaintiff Spartan Dickson in the sum of $3,000.00 actual damages, and a verdict for the plaintiff Newman Dickson in the sum of $5,000.00, actual damages and the sum of $2,000.00 punitive damages. Motion by the defendants for a new trial was considered by the trial Judge and refused, and, from entry of judgments on the verdicts, the defendants have appealed to this Court.

The appellants present three exceptions. The first exception alleges error as follows: "In refusing to direct a verdict for the defendants upon the issue of punitive damages, and by submitting that issue to the jury, in that the testimony most favorably construed on the part of the plaintiffs showed that the defendants were only guilty of negligence, there being no evidence of gross negligence or willfulness."

The law governing the award of punitive damages is too well settled in this State to call for citation of authorities or a discussion of the rules and principles applicable thereto, and, in disposing of this allegation of error, we deem it sufficient to state that in response to the allegations the plaintiffs, in each case under consideration, introduced testimony tending to show recklessness and willfulness on the part of the defendants in the operation of the said bus at the time and place in question, which the jury might reasonably infer caused the collision and the injuries to the plaintiffs resulting therefrom. It is true, there was testimony introduced by the defendants from which a different inference might be drawn, but, conceding that fact, this Court cannot say that the finding of the jury was wrong; that question being altogether a matter for the jury under the testimony of the case. This exception is therefore overruled.

In the second exception appellants impute error to the trial Judge in the following particulars: "In refusing and overruling the motion for a new trial made by the defendants upon the ground that the verdicts in both cases were excessive, and that the amounts rendered

could be only predicated upon passion or prejudice upon the part of the jury, neither vendict being supported by the testimony adduced."

A question as to the excessiveness of a verdict, where there is any evidence tending to support the same, is a matter for the determination of the trial Judge in the exercise of his power and discretion, and when he refuses to disturb the verdict this Court has no power to do so in the absence of a showing that there was an abuse of discretion in failing to grant a motion made for that purpose. See the opinion in the case of *Huggins v. A. C. L. Railway Company*, 96 S. C., 267, 79 S. E., 406, and authorities therein cited. A study of the record in the case convinces us that the trial Judge cannot be charged with abuse of discretion and that there was ample evidence to support the verdicts. We are unable to agree with the contention of appellants that the verdicts could only be predicated upon passion and prejudice. The exception is therefore overruled.

In appellant's third exception error is imputed to the trial Judge as follows: "In overruling the defendant's motion for a new trial upon the ground specified in the motion, to wit: 'It is conclusive from the verdicts that they were arived at by caprice in that it was for the plaintiff in one case, and for the defendant in the other, in the two cases tried together under the same testimony.' "

In our consideration of the first exception herein, attention was called to the fact that there was ample evidence to warrant an award of punitive damages in each case. Because the jury saw fit not to award punitive damages in one of the cases furnishes no ground for the defendants to complain. In our opinion the exception is without merit.

The exceptions are overruled, and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER and MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE concur.

Mr. Justice Cothran for modification.

Mr. Justice Cothran (for modification) : These two cases were by order of the Court consolidated. Each was an action for damages, actual and punitive, on account of personal injury sustained in a collision between a truck driven by the plaintiffs and a passenger bus operated by the defendant in the City of Greer, on August 18, 1928, due as alleged to the negligence and recklessness of the driver of the bus.

The cases were tried before his Honor, Judge Johnson, and a jury, the trial resulting in a verdict in favor of the plaintiff Spartan Dickson, for actual damages, $3,000.00, and in favor of Newman Dickson, for actual damages, $5,-000.00, and punitive damages, $2,000.00. From the judgments entered upon these verdicts the defendant has appealed.

At the close of the testimony the defendant moved for directed verdicts upon the issue of punitive damages upon the ground that there was no evidence upon which such damages could be justified. The motion was refused.

The exceptions raise three questions: (1) The refusal of the motion for a directed verdict as to punitive damages; (2) the refusal of the motion for new trials upon the ground that the verdicts were excessive and predicated upon passion or prejudice; and (3) that the verdicts were inconsistent, being for punitive damages in one case and not in the other.

I do not think that there is any reversible error in either of the last two grounds and will consider only the first. It is apparent that the verdicts in both cases for actual damages must be sustained, as they are not involved in this appeal except by the second ground above stated.

The undisputed facts of the case are that the truck, headed towards the west in the direction of Greenville, was parked upon the south side of the street when it should have been parked on the north side; the emergency was produced initially by the act of the driver of the truck; headed towards the west, his proper place was to his right of the center of the

street, whereas he was parked on his left, the south side; the bus was approaching from Greenville, headed towards Spartanburg; the driver was upon his proper side, the right or south side of the street; as he approached the truck, parked on the wrong side of the street, the driver of the truck cut diagonally across the street to get upon his proper side, the right or north side; the bus driver seeing or believing a collision inevitable if he continued on the south side, his proper side, cut across towards the north side of the street and collided with the truck. It appears that the bus driver was exceeding the speed ordinance of the City of Greer at the time he crossed the city limits. It is from this circumstance alone that it is concluded that there was a legitimate basis for punitive damages.

I assume, as has been quite frequently decided by this Court, that where a defendant is shown to have been operating an automobile in violation of the laws of this State, statutory or municipal, and an injury is shown to have resulted from such violation as a proximate cause the legal inference is justifiable that the act was negligence *per se;* and that a jury upon this basis may award punitive damages.

These presumptions, however, are rebuttable, and if the facts are such as to require the adverse conclusion, it is the duty of the Court to so declare, as a matter of law. In the case at bar I think that the facts require the conclusion that the violation of the municipal speed ordinance, while it may be evidence of negligence, cannot under the circumstances be evidence of such a reckless, willful, wanton, or malicious act as would sustain a verdict for punitive damages.

As already stated, the emergency was created by the act of the driver of the truck in parking on the wrong side of the street and in cutting across to the right side; it was during this movement that the collision occurred. There is no question under the law that if the truck had remained standing, obstructing the legal passage of the bus, the latter's driver would have had the right to pass the truck on the left, even

if such movement for the moment had placed the bus on the wrong side of the street. It is plain that when the bus driver saw the movement of the truck towards the left side, he apprehended a collision about the center of the street and cut his bus over towards the left, the wrong side. He doubtless, as the event shows, made a miscalculation and collided before either he could reach a safe place on the left side or the truck driver a safe place on the right. If the bus driver was in the exercise of a legal right, as unquestionably he was, and made an error in his calculation, the act could not be characterized as reckless, or so grossly negligent as to amount to recklessness. That he was in the exercise of a legal right is settled by the case of *Sims v. Eleazer,* 116 S. C., 41, 106 S. E., 854, 855, 24 A. L. R., 1293. There the Court declared:

"If a person traveling in the manner provided for by law meets any one traveling in a manner in violation of the statute and sees a collision is inevitable, unless he violates the rule, and by a violation of it he can avoid a collision without danger to himself or property, he must do so, even though he technically violate the law. He must exercise the ordinary instincts of human nature to avoid being injured or inflicting injury on another. He must exercise the ordinary care that an ordinary person would exercise under similar circumstances of the case." See, also, 24 A. L. R., 1293, where the case is reported and annotated.

I do not see how it can be concluded that the act of the bus driver had the slightest element of an intentional wrong.

I think, therefore, that the judgment in favor of Spartan Dickson for $3,000.00 actual damages should be affirmed, and that the verdict in favor of Newman Dickson for $5,-000.00 actual damages and $2,000.00 punitive damages should be modified by affirming the judgment for actual damages and reversing the finding of $2,000.00 punitive damages.