13660

BLACKMON v. KIRVEN

(170 S. E., 157)

*Mr. D. Carl Cook,* for appellant,

*Messrs. L. M. Lawson* and *D. W. Robinson,* for respondent,

July 7, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages arising out of an alleged assault; the delict charged being stated in the complaint as follows: "That on the 29th day of September, 1930, while the plaintiff, Idella Blackmon, was at her home in the country, and alone, the defendant, John K. Kirven, without any previous knowledge on her part of his presence, willfully, wantonly, and maliciously approached the plaintiff, caught her in his arms and rudely and unlawfully assaulted her without her consent and against her will and protest, drew her to him and undertook indecent liberties with her person, notwithstanding her efforts to escape, with the evident purpose, as plaintiff verily believes, of having improper relations with her. While defendant was so engaged, the father of plaintiff came upon the scene and prevented the further prosecution by the defendant of his unlawful and wicked designs."

The defendant interposed a general denial, and sought dismissal of the complaint. The trial of the case, at the November, 1932, term of Court of Common Pleas for Darlington County, resulted in a verdict of $5,000.00 for the plaintiff. A motion for a new trial, made on grounds renewed here by exceptions, was refused.

The appeal presents two questions: (1) Is the verdict excessive? (2) Did the trial Judge commit error in charging the jury as to the measure of punitive damages?

The first question must be answered in the negative. In *Steele v. Railway Company,* 103 S. C., 102, 87 S. E., 639, 644, the Court said: "Under the Constitution and statutes, the discretion to control juries in respect to the amount of their verdicts in actions for damages is vested in the trial Judges, who, it must be presumed, recognize and appreciate their responsibility, and exercise the discretion vested in them with fairness and impartiality. This Court has no jurisdiction to review matters of fact in an action at law; and, therefore, unless a verdict is wholly unsupported by evidence, or is so excessive as to justify the inference that it was capricious, or influenced by passion, prejudice, or other considerations not found in the evidence, if it is excessive, the responsibility for failure to reduce it must rest upon the trial Judge."

In the recent case of *Payne v. Cohen,* 168 S. C., 459, 167 S. E., 665, 667, the following declaration is made: "We hold it to be the settled rule of law in this jurisdiction that the granting of a new trial on the ground that the verdict is so excessive as to show caprice or prejudice is in the discretion of the trial Judge, and unless abuse of that discretion is shown, the order refusing the motion for new trial on that ground will not be disturbed." See, also, *Brewer v. Railway Company,* 149 S. C., 454, 147 S. E., 596; *Chesser v. Pine Company,* 155 S. C., 356, 152 S. E., 646; *Dickson v. Motor Bus Company,* 161 S. C., 297, 159 S. E., 625; *Lawrence v. Railway Company,* 169 S. C., 1, 167 S. E., 839.

In the case at bar, the undisputed testimony of the plaintiff, a review of which would serve no useful purpose, tended to establish the allegations of the complaint. The defendant, although charged with a serious offense, offered no denial except by answer. We cannot say, upon anything appearing in the record, that the verdict was without support in the evidence or was the result of prejudice or passion. Consequently, this Court cannot interfere.

As to the second question, it appears that the trial Court, at the request of the plaintiff, charged the jury, in substance and effect, that in arriving at the proper amount to give, should they award punitive damages, they could take into consideration the wealth of the defendant, "if there is evidence thereof." The appellant contends that this was error, for the reason that there was no evidence whatever of defendant's wealth.

As the charge is not printed in the record for appeal, we are unable to apply the well-recognized rule that the whole charge must be referred to and considered in determining whether what is told the jury in any particular portion of it is prejudicial to the complainant (*Bosdell v. Dixie Stores Company,* 168 S. C., 520, 167 S. E., 834; *Key v. Railway Company,* 165 S. C., 43, 162 S. E., 582), and for that reason we might properly decline to consider the exception raising this question. However, the contention of the appellant is without merit. The portion of the charge here excepted to was unobjectionable, in any event, as made. Moreover, an examination of the record discloses that there was testimony from which the jury could infer that the defendant was a man of some means.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.