13903

BLACKMON v. KIRVEN
(175 S. E., 814)

324

*Messrs. Samuel Want* and *Melvin Hyman,* for appellant,

*Messrs. L. M. Lawson* and *Robinson & Robinson,* for respondent,

September 7, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This case, commenced in the Court of Common Pleas for Darlington County, comes to this Court on appeal from an order issued by his Honor, Judge H. F. Rice, requiring the clerk of Court for Darlington County to issue execution to the Sheriff of Darlington County, requiring the Sheriff of said County to arrest the defendant, John K. Kirven, and commit him to the jail of said County "until he shall pay the judgment herein or be discharged according to law," which order was based upon the verified petition of the plaintiff and the record in the cause. In order that the appeal before this Court may be better understood it is well to give a brief history of the case, and this, perhaps, can best be done by referring to plaintiff's said petition, which reads as follows:

"1. That an action was begun, as above entitled, by and in behalf of the plaintiff (whose name is now Idella Blackmon Warr), this petitioner, on the —— day of October, 1930, for the purpose of recovering Fifty Thousand Dollars damages for the unlawful, willful, wanton and malicious acts and assault of the defendant in and upon your petitioner.

"2. That the said action resulted in a verdict for the plaintiff in the sum of Five Thousand ($5,000.00) Dollars, on November 3rd, 1932, and judgment was thereupon duly entered in favor of the plaintiff and against the defendant for said sum, with interest from the date of the verdict.

"3. That execution has been heretofore issued upon said judgment and the same has been returned unsatisfied and the defendant refuses to pay and satisfy the said judgment and the execution thereon.

"4. That soon after the institution of said action, to wit: November 1st, 1930, as shown by the records in the office of the Clerk of Court of Common Pleas and General Sessions for Darlington County, the defendant, John K. Kirven, conveyed by deeds to his wife and to his daughter a number of different tracts of real estate; said to contain all of his real estate, and, subsequent thereto, upon examination in

supplemental proceedings, the defendant has testified that he owns no property whatever and has nothing out of and from which said judgment can be paid.

"5. Upon information, advice and belief, the said conveyances were made by the defendant, John K. Kirven, to his wife and daughter voluntarily and fraudulently and were made for the purpose of hindering, delaying and defrauding this plaintiff and for the purpose of depriving her of any recovery and collection of damages in this action, and the same are fraudulent, null and void. Reference is hereby made to the records of said deeds and conveyance in the office of the Clerk of Court for Darlington County (book and pages being given).

"6. That the action against said defendant was one under which the defendant might have been arrested under the provisions of the statutory laws of this State and an action upon which, plaintiff, petitioner, is entitled to an execution against the person of defendant; and, further, that the said judgment and execution in said action remain unsatisfied.

"7. Petitioner herewith exhibits to the Court the entire judgment roll in this case, consisting of the complaint, the answer, the verdict, the judgment, the execution and the return thereon, the order in supplemental proceedings and the evidence taken under said order as reported by the Probate Judge and Master of Darlington County.

"Wherefore, petitioner asks that an execution be issued against the person of the defendant; and that he be arrested under and in accordance with the provisions of law in such cases made and provided."

From the judgment of $5,000.00 against the defendant, in favor of the plaintiff, the defendant appealed to this Court, but this Court affirmed said judgment. See 170 S. C., 190, 170 S. E., 157, for the purpose of acquiring a full statement of the facts upon which the judgment was based. The above petition is dated September 8, 1933. Just prior to the filing of this petition, his Honor, Judge E. C. Dennis, on

motion of plaintiff's counsel in a hearing in supplemental proceedings, issued an order, dated September 1, 1933, in the cause, appointing receiver and enjoining disposition of property by the defendant; the essential parts of said order reading as follows:

"That C. E. Gardner be and is hereby appointed receiver of and for all the property and assets of John K. Kirven, and the said receiver is authorized to take any and all necessary steps and proceedings, by litigation which he may deem necessary and proper for the purpose of recovering title and possession of any property of the said John K. Kirven, including any property and assets of the said John K. Kirven which may have been conveyed away by him unlawfully and/or in fraud of his creditors, and especially in fraud of the creditors of Idella Blackmon, by her guardian *ad litem,* the plaintiff in the above entitled cause.

"And until the further orders of this Court the defendant is hereby enjoined and restrained from making any other or further disposition, by conveyance or otherwise, of any of his property or assets, except with the consent of the Court first had."

This order of Judge Dennis formed a part of the record before Judge Rice when Judge Rice acted upon the petition above mentioned, wherein his Honor, Judge Rice, ordered the Clerk of Court for Darlington County to issue execution to the Sheriff of said County, requiring said Sheriff to arrest the defendant and commit him to the jail of said County "until he shall pay the judgment herein or be discharged according to law." The said order of Judge Rice is dated December 12, 1933.

Appellant's allegations of error are presented under seven exceptions, but in his brief the following are, in substance, presented for consideration for this Court, as being the questions involved in the appeal:

1. May an order of arrest be executed under the circumstances of this case?

2. Is the insolvency law of South Carolina unconstitutional as being an invasion of the federal field of bankruptcy?

3. The insolvency law and arrest and bail statute must stand or fall together.

To these questions we shall confine our discussion.

In connection with the first question appellant presents, we call attention to Section 741, Code 1932, which reads as follows: "If the action be one in which the defendant might have been arrested, as provided in Section 500 and Section 502 (Code 1932), an execution against the person of the judgment debtor may be issued to any county within the jurisdiction of the Court, after the return of an execution against his property unsatisfied in whole or in part. But no execution shall issue against the person of a judgment debtor, unless an order of arrest has been served, as in this Code of Procedure provided, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by Section 500."

Paragraph (6), Section 500, Code 1932, which is applicable to the facts of this case, is in the following language: "(6) In an action for the recovery of damages in a cause of action not arising out of contract, when the defendant is a nonresident of the State or is about to remove therefrom, *or when the action is for an injury to person or character,* or for injury or for wrongfully taking, detaining or converting property." (Italics added.) Such conditions will, under this Section, 500, warrant an arrest.

The facts in the case involved clearly bring the case under this section, and we think Judge Rice was clearly within the law when he issued the order directing the Clerk of Court for Darlington County to issue execution to the Sheriff of said County requiring said officer to arrest the defendant and commit him to the jail of said County until the judgment in question is paid or be discharged according to law. The petition set out above is duly verified and is supported, as to the facts stated therein, by the record in the case. Judge

Rice had before him not only the verified petition referred to, but, as stated, the entire record, including the testimony given in the supplemental proceeding. A study of the record convinces us that the same supports Judge Rice's finding and conclusion, and that his Honor did not err in issuing the order appealed from. The first question must, therefore, be answered against appellant's contention. It is clear, as held by Judge Rice, that the cause of action involved, under the law, warranted an arrest of the defendant; that is, the complaint in the cause, as well as the verified petition, discloses a cause of action in which the defendant might have been arrested under the statutory laws of this State, as held by Judge Rice. In this connection, we may add, in Judge Rice's order will be found the answers to some of appellant's questions, which order will be incorporated in the report of the case. It is clearly shown by the record that very soon after the commencement of the action the defendant by deeds conveyed away the greater part of his real estate and in some way got rid of all of his property, so that when an execution was issued on the judgment obtained and placed in the Sheriff's hands the Sheriff was unable to find any property out of which he could pay the judgment and was, therefore, forced to make a *nulla bona* return. At the hearing in the supplementary proceedings, following the *nulla bona* return, the defendant testified, in effect, that he then had no property out of which the judgment in question could be paid; and it also appeared from the testimony that defendant had conveyed his real estate to his wife and daughter, from which act it may be reasonably inferred that defendant had in mind defeating any judgment the plaintiff might procure against him in said action. It appears from the testimony that the defendant undertook to show that he made the conveyances in satisfaction of certain obligations. Well, Judge Rice duly considered the testimony bearing on this issue, in connection with the entire record and circumstances surrounding the transaction, and, evi-

dently not being satisfied with defendant's explanation of his acts and doings reached a conclusion and rendered a decision contrary to defendant's contention. We cannot say that the trial Judge was wrong in his conclusion, but, on the other hand, think that the testimony and record in the case supports his Honor's finding and conclusion, and think that his Honor was fully warranted in issuing the order appealed from.

As to the contention of appellant that the Court cannot order execution against the person of the defendant "for the reason that proceedings in execution against the property of the defendant are now pending," we deem it sufficient to state that, in our opinion, the plaintiff, under the facts of this case, pursued the proper course. After obtaining judgment against the defendant in the action involved, and after the said judgment was affirmed by this Court, the plaintiff caused to be issued execution against the property of the defendant, and a *nulla bona* being returned, upon due notice he procured from the Court proper order to proceed with execution against the person of the defendant.

In connection with the questions discussed and views expressed, we call attention to the following cases: *Ex Parte Berry,* 85 S. C., 243, 67 S. E., 225; 20 Ann. Cas., 1344. *Martin v. Hutto,* 82 S. C., 432, 64 S. E., 421. *Castlea v. S. C. Agency, etc.,* 104 S. C., 81, 88 S. E., 273. Miller v. *Bagwell,* 3 McCord, 429, and *Mazqck v. Coil,* 3 Rich. Law, 235.

As to the unconstitutionality of the law involved, raised by the appellant, we deem it unnecessary to enter into any lengthy discussion of that question.

Under one of appellant's exceptions it is contended "that the statute upon which the order of Judge Rice is based is unconstituttional as being in violation of the constitutional prohibition against imprisonment for debt."

In his brief appellant properly abandons this contention, and, of course, thereby concedes that the statute involved is not unsonstitutional "as being in violation of the constitutional prohibition against imprisonment for debt."

As to the United States bankruptcy law to which appellant refers and which he, in effect, contends controls in such cases, we consider it sufficient to call attention to the wording that act. The United States Bankruptcy Act § 17 (11 USCA § 35) specifically provides that a bankrupt shall not be discharged from a liability on account of malicious and willful injuries to the person or property of another. In our opinion the Act involved in the case at bar is not in conflict with the United States Bankruptcy Act. We may also state, in this connection, that the Act involved in this suit is not in violation of the Constitution of the United States, and it does not, as contended by appellant, constitute an invasion by the State of South Carolina of the laws of the United States, as enacted by Congress. The constitutional inhibition as to imprisonment for debt does not apply to cases of this nature, for the action involved did not arise *ex contractu*, but arose out of an injury to the person, that is, willful injury to the person. As sustaining the views expressed we call attention to the cases of *Ex Parte Berry, supra; Bell Mfg. Co. v. Cross,* 123 S. C., 507, 117 S. E., 196; *State v. Moore,* 128 S. C., 208, 122 S. E., 672; *Rothschild Bros. Hat Co. v. Stein,* 154 S. C., 48, 151 S. E., 109.

What we have stated sufficiently disposes of the material questions presented by appellant regarding the alleged errors imputed to the trial Judge in issuing the order complained of.

The appellant also appealed from the order of the Circuit Judge settling the case for appeal. We think the order was fair to the appellant.

Appellant's exceptions are overruled, and the orders appealed from affirmed.

Mr. Chief Justice Blease, Mr. Justices Stabler and Bonham and Mr. Acting Associate Justice W. C. Cothran concur.