## 18050

Rufus SKIPPER, as Administrator of the Estate of Effie Squires Johnson, Respondent, v. Archie HARTLEY and one 1955 Ford Automobile bearing South Carolina License No. D287282, Leroy Sessions and one 1955 Pontiac Automobile bearing South Carolina License No. E127585, Ila W. Kennedy and one 1955 Oldsmobile Automobile bearing South Carolina License No. E157178, of whom Archie Hartley is, Appellant.

(130 S. E. (2d) 486)

*Messrs. Hope & Cabaniss,* of Charleston, *for Appellant,*

*Messrs. H. T. Abbott,* of Conway, and *Rosen & Rosen,* of Georgetown, *for Respondent,*

April 9, 1963.

TAYLOR, Chief Justice.

This appeal is from an action brought for actual and punitive damages for wrongful death by Rufus Skipper, as Administrator of the Estate of Effie Squires Johnson. The action was brought pursuant to Sections 10-1951 and 10-1952, Code of Laws of South Carolina, 1962, for the benefit of the husband and six children.

The complaint alleges that on May 13, 1961, Mrs. Johnson was riding as a passenger in an automobile operated by Lorenzer Bill Squires proceeding in a southerly direction on U. S. Highway 17, south of Georgetown. It is alleged that the defendants, Leroy Sessions and Archie Hartley and John Kennedy, the driver of the automobile owned by defendant, Ila W. Kennedy, were unlawfully racing defendant

automobiles in a northerly direction on the same highway and that the automobile driven by defendant Sessions, while engaged in the unlawful act of racing, struck the automobile in which plaintiff's intestate was a passenger, resulting in her death.

The defendant Sessions failed to answer the complaint and was declared to be in default. Defendant Kennedy answered and, thereafter, entered into a covenant with plaintiff not to sue in the sum of $2,733.33. Defendant Hartley answered in the form of a general denial.

The case was tried before the Honorable John Grimball and a jury, resulting in a verdict for plaintiff against defendant Sessions in the sum of $10,000.00 actual damages and $15,000.00 punitive damages and against defendant Hartley in the sum of $5,000.00 actual damages and $10,000.00 punitive damages. At appropriate stages motions were made for nonsuit, directed verdict, and judgment *non obstante veredicto* or in the alternative for a new trial on the grounds that there was no proof of actionable negligence or recklessness on the past of defendant Hartley which was a proximate cause of the death of plaintiff's intestate. These motions were denied.

In passing upon motions by defendants for nonsuit, directed verdict, judgment *non obstante veredicto* and alternatively for a new trial, the testimony must be viewed in the light most favorable to plaintiff, and if more than one reasonable inference can be drawn or if the inferences to be drawn from the evidence are in doubt, the case should be submitted to the jury. *Crocker v. Weathers*, 240 S. C. 412, 126 S. E. (2d) 335; however, if the evidence is susceptible of only one reasonable inference, the Court should decide the question as one of law, *Green v. Bolen*, 237 S. C. 1, 115 S. E. (2d) 667.

There is evidence from which it may reasonably be inferred that the defendant Hartley was participating in a motor vehicle race or contest on Highway 17

in Georgetown County and as a result of said race one of the participants, Sessions, collided with the vehicle in which plaintiff's intestate was a passenger.

Section 46-356, Code of Laws of South Carolina, 1962, states:

"It shall be unlawful to engage in a motor vehicle race or contest for speed on any public road, street or highway in this State or to aid, abet or assist in any manner whatsoever in any such race or contest.* * *"

"The violation of an applicable statute is negligence *per se,* and whether or not such breach contributed as a proximate cause to plaintiff's injury is ordinarily a question for the jury. *Eickhoff v. Beard-Laney, Inc.,* 199 S. C. 500, 20 S. E. (2d) 153, 141 A. L. R. 1010; *Lawrence v. Southern Ry.-Carolina Division,* 169 S. C. 1, 167 S. E. 839; *Dickson v. Inter-Carolina Motor Bus Co.,* 161 S. C. 297, 159 S. E. 625." *Chapman v. Associated Transport, Inc.,* 218 S. C. 554, 63 S. E. (2d) 465.

Appellant contends that there is no evidence indicating that his acts were the proximate cause of the death of plaintiff's intestate, but that the evidence is to the effect that his automobile had passed the car in which decedent was a passenger without coming into contact with said car.

Negligence need not be the sole cause of injury in order to impose liability, but need only be a "proximate concurring cause," which is a cause so efficient in causation that but for it the injury would not have occurred, even though one of several concurring causes may not have been reasonably anticipated. *Horne v. Southern Railway Company,* 186 S. C. 525, 197 S. E. 31, 116 A. L. R. 745.

The question of whether participants racing motor vehicles on public highways are jointly and concurrently liable for their acts is one of first impression in this State.

The general rule is that "Racing motor vehicles on a public highway is negligence, and all those who engage in a race do so at their peril, and are liable for an injury sustained by a third person as a result thereof, regardless of which of the racing cars actually inflicted the injury, or of the fact that the injured person was a passenger in one of the cars." 60 C. J. S. Motor Vehicles § 297, p. 702.

"If two or more persons, while racing automobiles upon a public highway in concert, injure another traveler or bystander, they are individually liable for the damage or injury so caused, although only one of the vehicles engaged in the race comes in contact with the injured person or the vehicle in which he is riding." Blashfield: Cyclopedia of Automobile Law and Practice, Perm. Ed., Vol. 1, Sec. 767, p. 713. See *Boykin v. Bennett,* 253 N. C. 725, 118 S. E. (2d) 12, and cases cited therein.

In *State v. Fair,* 209 S. C. 439, 40 S. E. (2d) 634, this Court stated:

"If appellant and Dover were driving at an unlawful rate of speed along the highway in pursuance of an agreement to race and determine which car could make the greater speed, it is clear that the act of each in violating the law regulating the speed of motor vehicles, while still engaged in such unlawful enterprises, is, in legal contemplation, the act of both. The jury could have reasonably inferred that the agreement to race and drive these vehicles at their maximum speed contemplated violating the statute regulating the speed of motor vehicles, which would justify a finding of a concurrence of mind on the part of Dover and the appellant to make an unlawful use of the highway."

In *Boykin v. Bennett,* 253 N. C. 652, 118 S. E. (2d) 12, the Supreme Court of North Carolina used the following language which is apropos here:

"Those who participate are on a joint venture and are encouraging and inciting each other. The primary negli-

gence involved is the race itself. All who willfully participate in speed competition between motor vehicles on a public highway are jointly and concurrently negligent and, if damage to one not involved in the race proximately results from it, all participants are liable, regardless of which of the racing cars actually inflicts the injury, and regardless of the fact that the injured person was a passenger in one of the racing vehicles. Of course, if the injured passenger had knowledge of the race and acquiesced in it, he cannot recover. A participant who abandons the race, to the knowledge of the other participants, before the accident and injury, may not be held liable."

For the foregoing reasons, we are of opinion that the judgment appealed from should be affirmed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.